UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRIAN PFLUGHOEFT, | ) | Case No.  6:22-cv-1177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Civil)** |
| KANSAS & OKLAHOMA RAILROAD, | ) | |
| L.L.C., | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Brian Pflughoeft, and for his cause of action against Defendant, Kansas & Oklahoma Railroad, L.L.C., respectfully states and alleges as follows:

### Preliminary Statement

1. This is an action to recover damages for personal injuries Plaintiff suffered during the course and scope of his employment on August 28, 2019 while working as a conductor for Defendant. Plaintiff's claim against Defendant is brought under the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60.

### Parties

2. At the time of the acts and omissions giving rise to this action, Plaintiff Brian Pflughoeft was a resident and citizen of the State of Kansas.

3. At the time of the acts giving rise to this action, Defendant is a Kansas Limited Liability Company organized and existing according to law, conducting business as a common carrier by railroad engaged in interstate commerce with facilities, tracks and employees located in and through several states, including in and through the State of Kansas. At all times material Defendant received, accepted and transported various shipments of freight in and through the State

of Kansas, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and at all times material was and is presently conducting business in and through the State of Kansas.

4. Defendant can be served through its agent for service of process at Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction over Plaintiff's FELA claims pursuant to 28 U.S.C. § 1331 (federal question).

6. This Court has personal jurisdiction over Defendant since its principal place of business and state of incorporation is Kansas, and the incident giving rise to Plaintiff's FELA claims occurred in the State of Kansas.

7. Venue to bring Plaintiff's FELA claims in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA claim in the district where the cause of action arose or in the district where Defendant is doing business at the time the action is commenced.

8. Plaintiff's FELA claims are timely commenced pursuant to 45 U.S.C. § 56.

## Facts

9. At all times material hereto, Defendant employed Plaintiff as a conductor, and at the time of the incident described in this Complaint, all or part of Plaintiff's duties were in furtherance of Defendant's business in interstate commerce.

10. On the 28th day of August 2019 at approximately 6:00 a.m., Plaintiff was working in the course and scope of his regular employment as a conductor for Defendant. Plaintiff arrived in Great Bend, Kansas for his work orders and was routed to Albert, Kansas to operate the work

train for the maintenance of way (MOW) crews. Plaintiff and his co-worker and engineer, Leon Steege, drove in a company truck to the Albert location. When they arrived, two locomotives and numerous center beam flat cars were in the yard loaded with ties that were bundled together with banding straps and stacked about three high. The stacked bundles of ties were then secured to the railcar by cables. As was the custom and practice of conductors, Plaintiff went to each railcar to perform an air brake inspection and release the cables to allow the MOW crew access to the bundles. As Plaintiff released a cable on about the fifth railcar, the ties that were supposed to be secured together by banding straps suddenly and without warning fell from the car and struck Plaintiff. Upon information and belief, the ties fell unexpectedly due to the broken and defective state of the banding straps and the improper blocking of the load (ties). Also upon information and belief, the railcars' draft system, including couplers and their component parts, were not properly maintained and adjusted, which allowed the load to shift and become unstable.   As a result, Plaintiff was caused to suffer severe and permanent injuries and damages, as set out in further detail hereinafter.

## Count I
### (FELA negligence)

Plaintiff realleges paragraphs 1 through 10 as set forth at length and in detail herein.

11.     That pursuant to FELA, 45 U.S.C. § 51, Defendant is liable in damages for injuries resulting in whole or in part from the negligence of Defendant's officers, agents, or employees, or by reason of any defect or insufficiency in its cars, engines, appliances, machinery, track, roadbed and works. Defendant breached its duty of care owed to Plaintiff and was thereby negligent in one or more of the following ways:

a.     Failed to provide Plaintiff with a reasonably safe place to work;

   b. Failed to properly inspect, repair and maintain its trains, railroad cars, equipment and loads;

   c. Failed to properly warn Plaintiff;

   d. Failed to follow and enforce its safety rules, work rules, methods and procedures;

   e. Failed to adopt industry standards and practices;

   f. Failed to instruct it employees on its safety rules, work rules, methods, procedures, and industry standards; and

   g. Other acts of negligence determined during the pendency of the case.

12. In the alternative, Defendant breached its duty under the FELA pursuant to the doctrine of *res ipsa loquitur* based on:

   a. The involved instrumentalities including the railcars and their loads were in the exclusive control of Defendant;

   b. The incident resulting in Plaintiff's injuries is such, as in the ordinary course of things, does not occur if the one having control uses proper care;

   c. The incident caused, in whole or in part, Plaintiff's injuries; and

   d. Plaintiff was not at fault.

13. That as a result of Defendant's negligence, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and impairment of future earning capacity; and suffered loss of enjoyment of life, all to his injury and damage.

## Count II
**(FELA negligence *per se* )**

Plaintiff realleges paragraphs 1 through 13 as set forth at length and in detail herein.

14. Defendant's acts and omissions described above include its violations of Association of American Railroads (AAR) standards and rules, including but not limited to, open top loading standards and rules. The AAR standards set out the standard of care to be followed by Defendant, and its violations establishes its fault under negligence *per se*, and its violations, caused in whole or in part, Plaintiff's injuries and damages.

15. That as a result of Defendant's violations, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and impairment of future earning capacity; and suffered loss of enjoyment of life, all to his injury and damage.

## Count III
### (FELA strict liability/negligence *per se*)

Plaintiff realleges paragraphs 1 through 15 as set forth at length and in detail herein.

16. Defendant's acts and omissions described above include its violations of the Federal Safety Appliance Act (FSAA), 49 U.S.C. §§ 20301-20306, and Federal Railroad Administration (FRA) regulations contained in Part 215 of Title 49, when it used on its railroad line railcars equipped with draft systems, including couplers and their component parts, that were defective, inoperative, or failed to work efficiently and properly. Defendant's violations establish its fault under strict liability/negligence *per se*, and its violations, caused in whole or in part, Plaintiff's injuries and damages.

17. That as a result of Defendant's violations, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and

impairment of future earning capacity; and suffered loss of enjoyment of life, all to his injury and damage.

**WHEREFORE** Plaintiff Brian Pflughoeft prays for a jury trial in Wichita, Kansas of the foregoing issues on each basis of recovery set out herein, and for judgment to be entered in his favor for general and special damages in an amount to be proven at the time of trial, and for such other and further relief as this Court deems just and equitable.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

DATED this 10th day August 2022              MORRIS, LAING, EVANS, BROCK & KENNEDY, CHARTERED.

*/s/ John W. Johnson*
John Johnson #07684
300 N. Mead, Suite 200
Wichita, KS  67202
(316) 262-2671
Fax:  (316) 262-6226
jjohnson@morrislaing.com

-and-

HUNEGS, LeNEAVE & KVAS, P.A.

*/s/ Paul Banker*
Randal W. LeNeave, MN ID #181122
Paul Banker, MN ID #0256596
Joshua N. Miller, MN ID #0397585
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
(612) 339-4511
Fax: (612) 339-5150
rleneave@hlklaw.com
pbanker@hlklaw.com
jmiller@hlklaw.com

ATTORNEYS FOR PLAINTIFF