UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN PFLUGHOEFT,

    PLAINTIFF,

    v.

KANSAS & OKLAHOMA RAILROAD, L.L.C.,

    DEFENDANT/THIRD-PARTY PLAINTIFF,

    v.

MCCORD TIE & TIMBER, INC.,

    THIRD-PARTY DEFENDANT.

Case No. 22-1177-TC-RES

**PLAINTIFF'S MOTION TO COMPEL 30(B)(6) DEPOSITION TESTIMONY**

Plaintiff Brian Pflughoeft respectfully moves this Court to compel deposition testimony under Fed. R. Civ. P. 30(b)(6).

## INTRODUCTION

There is no good cause to deny Plaintiff's ability to fully investigate the matters to be presented at trial. Plaintiff's notice for a corporate deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure is not to annoy, embarrass, or oppress Defendants. Plaintiff's Notice of Deposition is not to cause Defendants an unreasonable burden or expenses. Plaintiff's request, rather, seeks to narrow the triable issues in this case, to identify the facts, witnesses, and documents that will be presented at trial thereby preventing surprise and trial by ambush, and to bind Defendants to its contentions for cross-examination at trial. Defendants have asserted affirmatively that Plaintiff caused his injuries and failed to take reasonable steps to reduce his damages. Plaintiff is entitled to investigate the basis for Defendants' assertions. Defendants' refusal to put forward a corporate representative as required by Fed. R. Civ. P 30(b)(6) is an open attempt to prevent it from disclosing relevant evidence so that it can ambush Plaintiff at

#616776v1

trial. Defendants are simply attempting to prevent them from being bound at trial to their factual assertions without the accountability of cross-examination. Accordingly, Plaintiff's motion to compel should be granted.

## FACTUAL BACKGROUND

Plaintiff Brian Pflughoeft's ("Plaintiff") lawsuit against Defendants Kansas & Oklahoma Railroad, L.L.C. ("KOR") and McCord Tie &Timber, Inc. ("McCord") (together referenced as "Defendants"), is brought pursuant to the Federal Employers' Liability Act 45 U.S.C. § 51, *et seq*., for injuries he sustained while performing his duties for Defendants on August 28, 2019, (Doc. 1). On August 8, 2023, Plaintiff amended his 30(b)(6) notices in good faith in an attempt to narrow the scope of the deposition, limiting the information sought to only the "principal and material" facts related to Defendants' Answers to Paragraph 15, 16, 17, 18, and 21 to Plaintiff's interrogatories. *See* Exhibit 1 – Plaintiff's Second Amended Notice of Taking Deposition of K O Railroad; Exhibit 2 - Plaintiff's Second Amended Notice of Taking Deposition of McCord Tie & Timber. Defendants still maintained their refusal citing previously produced witnesses and documents.

On August 10, 2023, the parties held a meet and confer in an attempt to resolve the dispute. Plaintiff asked if there were any limitations in which Defendants would not object to a 30(b)(6) deposition. Defendants stated that they would not produce a corporate representative under any circumstances as they have already answered the information sought via interrogatories. Plaintiff has acted in good faith to resolve the impasse and has been unable to do so. He now brings this motion to compel Defendants to produce corporate representatives from KOR and McCord pursuant to Fed. R. Civ. P. 30(b)(6).

2

#616776v1

<u>LEGAL STANDARD</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action." For the fair administration of justice, a "request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Hartford Fire Ins. Co. v. P H Cattle Co.*, No. CIV.A. 05-2001-DJW, 2009 WL 2951120 at \*1 (D. Kan. Sept. 10, 2009).

Discovery is not improper simply because it asks for an opinion or contention that relates to fact or the application of law to fact. *See* Rule 33(a)(2). "[C]ourts have held contention interrogatories seeking the factual bases for allegations would not encroach on protected information, *see United States v. Boyce*, 148 F.Supp.2d 1069, 1086 (S.D.Cal.2001). It is not apparent how the same information would be otherwise unavailable through questions posed to a deponent in the course of a deposition." *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003). Courts have recognized that contention discovery is appropriate and "can be extremely useful in narrowing and sharpening the issues, which is a major purpose of discovery." *Torre v. Northrop Grumman Sys. Corp.*, No. 8:13CV319, 2016 WL 323593, at \*3 (D. Neb. Jan. 26, 2016).

Accordingly, a party seeking to prohibit an opposing party from taking a deposition "'[i]s very unusual … and absent extraordinary circumstances, such an order would be likely error.'" *In re Complaint Osage Marine Service, Inc.*, 2011 WL 6813076 at \* 2 (E.D. Mo. Dec. 28, 2011) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). Interrogatories are an initial tool used to prepare for depositions, they are not an alternative to depositions, this is because

#616776v1

depositions provide the opportunity to obtain more complete information, they are the process courts favor for gathering information. *Great American Ins. Co. v Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008); *see also Marker v Union Fidelity Life Insurance*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *Ieradi v Lorillard, Inc.*, No. 90-7049, 1991 WL 158911, at *1 (E.D. Pa. Aug. 13, 1991).

Asking about an organization's basis for their legal positions and the facts and documents supporting them is an appropriate topic for a Rule 30(b)(6) deposition. *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C.) 166 F.R.D. 367 (M.D.N.C. 1996); *Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006). In a Rule 30(b)(6) deposition, "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's 'position' on the topic." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). The designee testifies on behalf of the corporation and thus holds it accountable. *Id.*

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

> a party may name as the deponent a public or private corporation, . . . and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.

"Fed. R. Civ. P. 26(c) requires that 'good cause' be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. Such determination must also include a consideration of the relative

4

#616776v1

hardship to the non-moving party should the protective order be granted." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)(internal citations omitted). A party opposing discovery may:

> resist discovery by showing that the discovery request creates an undue burden. 'The standard is whether the burden or expense is '***undue***' and whether the '***hardship is unreasonable*** in the light of the benefits to be secured from the discovery. A party claiming discovery requests are unduly burdensome cannot rely on mere conclusory allegations, but must provide some factual evidence regarding the time or expense required. This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to respond to the discovery request the party alleges are unduly burdensome.

*Ahlgren v. Muller*, No. 19-CV-303 (JRT/LIB), 2019 WL 12046350, at \*7 (D. Minn. June 14, 2019)(internal citations omitted). When a party shows that "the burden is merely that which is inherent in and incidental to being involved in litigation" then the party has "failed to show that the burden would be <u>undue</u>." *Id*. at \*8 (emphasis in original). It cannot be disputed that preparing for a deposition is inherent in and incidental to being involved in litigation.

Thus, Rule 30(b)(6) makes clear that a party is not permitted to undermine the beneficial purposes of the Rule by responding that no witness is available who personally has direct knowledge concerning the areas of inquiry. *Sprint Commc'ns Co., L.P.*, 236 F.R.D. at 528. If need be, the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *Id*. Any other interpretation of the Rule would allow the responding corporation to "sandbag" the discovery process. *Id*.

In exercising its discretion, this Court must make its determination considering the purpose of Rule 30(b)(6) depositions:

> The purpose of the rule is to streamline the discovery process. It serves a unique function in allowing for a specialized form of deposition. The rule gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf. It is a discovery device employed by

the examining party to avoid the bandying by corporations where individual officers disclaim knowledge of facts clearly known to the corporation.

*Great Am. Ins. Co. of New York v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (citations and quotation marks omitted). Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989).

### ARGUMENT

Defendants argue that their answers to Plaintiff's Interrogatories 15-18, and 21, and its witnesses produced thus far are enough, and they should therefore not have to produce a witness to testify pursuant to Rule 30(b)(6). Rule 30(b)(6) does not contain any requirement that a party must try to discover the facts underlying a claim or assertion by other means. *See* Rule 30(b)(6); *S.E.C. v Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011) (citing 8A Wright, Miller & Marcus § 2103).

Written interrogatories are intended to prepare for further depositions — they are not a substitute. This is because depositions allow for follow-up questions and a more detailed exploration of the facts, documents, and witnesses identified. Additionally, interrogatories are of no evidentiary use at trial without a witness that is bound by them. Plaintiff, and the finders of fact, should be allowed to hear Defendants' testimony from their proverbial mouths. Plaintiff should be permitted to investigate the allegations identified in Defendants' declarations, defenses, and responses to interrogatories[1]; including the underlying and surrounding facts that Defendants

---

[1] Answers to Interrogatories are made by the party, not the attorney. See Fed. R. Civ. Rule 33.

6

believe support them; what facts are contained within identified documents, determine what if any cited testimony is being adopted by Defendants, investigate the facts surrounding Defendants' 'factual' assertions, and other details related to Defendants' affirmative assertions. Furthermore, Plaintiff should be allowed to determine Defendants' testimony with regards to its assertions prior to trial so that it can ensure Defendants can effectively be held accountable through cross-examination. Defendants should not be allowed to shield themselves from the discovery process simply because they are corporations.

Defendants' position that they have already answered interrogatories, generally produced documents, and identified witness transcripts does not shield them from Plaintiff's 30(b)(6) deposition specific to its affirmative defenses and assertions. If interrogatory responses were sufficient, there would never be a deposition of a party, plaintiff or defendant, in any litigation.

Just as important, Plaintiff has the right to know whether, and to what extent, Defendants have adopted any specific testimony given at depositions. *See Smith v. Gen. Mills, Inc.*, 2006 WL 7276959 at * 6 (S.D. Ohio April 13, 2006) (allowing Rule 30(b)(6) deposition despite numerous discovery depositions of a corporation since "the testimony of individual fact witnesses does not bind [a corporation] in the same way as Rule 30(b)(6) testimony would").

Last but just as important, Defendants have failed to make the required showing of good cause as to why a protective order should be issued prohibiting Plaintiff's 30(b)(6) deposition where it relies on a conclusory statement that its answers to the interrogatories are sufficient. Defendants bear the burden of proof and they simply have not made the required showing of an unreasonable or undue burden to defeat the purpose of Rule 30(b)(6) depositions.

#616776v1

## CONCLUSION

Defendants have the burden to show that a 30(b)(6) deposition creates an undue burden and is not reasonable for discovery. Defendants have thus far failed to carry that burden. Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel.

Dated:  August 11, 2023                    MORRIS LAING

*/s/ John Johnson*
John Johnson
300 N. Mead, Suite 200
Wichita, KS  67202
(316) 262-2671
Fax:  (316) 262-6226
jjohnson@morrislaing.com

        -and-

HUNEGS, LeNEAVE & KVAS, P.A.

*/s/ Paul Banker*
Randal W. LeNeave, MN ID #181122
Paul Banker, MN ID #0256596
Joshua N. Miller, MN ID #0397585
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
(612) 339-4511
Fax: (612) 339-5150
rleneave@hlklaw.com
pbanker@hlklaw.com
jmiller@hlklaw.com

8

#616776v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above Plaintiff's Motion to Compel Rule 30(b)(6) Deposition Testimony was served electronically via CM/ECF filing this 11th day of August, 2023, to:

Craig M. Leff
BatesCarey, LLP
101 North Wacker, Suite 2400
Chicago, IL 60606
cleff@batescarey.com

Kenneth J. Berra
Eric D. Sexton
FISHER, PATTERSON, SAYLER & SMITH, LLP
Corporate Woods, Building 51
9393 W. 110th Street, Suite 300
Overland Park, KS 66210
kberra@fpsslaw.com
esexton@fpsslaw.com

*/s/ John Johnson*

9

#616776v1