UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN PFLUGHOEFT, <br><br> PLAINTIFF, <br><br> v. <br><br> KANSAS & OKLAHOMA RAILROAD, L.L.C., <br><br> DEFENDANT/THIRD-PARTY PLAINTIFF <br><br> v. <br><br> MCCORD TIE & TIMBER, INC., <br><br> THIRD-PARTY DEFENDANT. | Case No. 22-1177-TC-RES |

**DEFENDANT KANSAS & OKLAHOMA RAILROAD L.L.C.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) TESTIMONY**

Defendant Kansas and Oklahoma Railroad, L.L.C. ("KORR"), pursuant to the Court's Discovery Order (Doc 101) dated August 4, 2023, submits the following Brief in Opposition to Plaintiff Brian Pflughoeft's Motion to Compel Rule 30(b)6) Testimony.

## I.  INTRODUCTION

Plaintiff moves to compel a deposition from KORR's Rule 30(b)(6) witness on three topics: (1) facts supporting KORR's affirmative defense of comparative fault, (2) facts supporting KORR's affirmative defense of mitigation of damages, and (3) facts supporting KORR's contention that Plaintiff violated laws, rules, regulations, and customs, when he was injured while completing a task that was outside of his job duties and that he was expressly told not to do.  Previously, KORR objected[1] to designating a Rule 30(b)(6) witness to testify as to

---

[1]  KORR's Objections to Plaintiff's Rule 30(b)(6) Notice are attached hereto as **Exhibit 1**.

these topics on the grounds that Plaintiff attempts to improperly use Rule 30(b)(6) to explain the bases for KORR's legal contentions. Further, KORR objected that Plaintiff's request for a Rule 30(b)(6) deposition was duplicative and cumulative, citing that KORR provided the factual bases for its affirmative defenses in its' Answers to Plaintiff's First Interrogatories (*see* Exhibit 1 at KORR_Exhibit 1-12 – 1-13), which KORR further explained in its' Supplemental Answers to Plaintiff's First Interrogatories (*see* Exhibit 1 at KORR_Exhibit 1-16 – 1-18). For the reasons that follow, KORR asks the Court to deny Plaintiff's Motion because it is contrary to settled authority, in that it impermissibly seeks to question a lay witness regarding KORR's legal contentions, and is cumulative and duplicative of other discovery that has taken place in this case. Alternatively, the Court should issue an order pursuant to either Federal Rule of Civil Procedure 26(c) or 26(b)(2)(C).

## II.  ARGUMENT

Plaintiff's Motion is predicated on the false premise that a 30(b)(6) deposition is both an appropriate and necessary mechanism to "bind" a defendant regarding the bases for its legal contentions. This argument fails for several reasons. First, it is widely accepted that a 30(b)(6) witness's testimony does not amount to a "binding" judicial admission that precludes a party from presenting additional or contrary evidence at trial. Second, Rule 30(b)(6) is an improper means to question a lay witness about a party's legal theories or contentions and, as this Court has recognized, raises serious privilege concerns, as it would require KORR's counsel to provide KORR's designee with all facts KORR will advance to support its affirmative defenses— essentially providing the designee with counsel's mental impressions, conclusions, and opinions regarding those facts. Finally, Plaintiff's request for a Rule 30(b)(6) deposition on these topics is cumulative and duplicative of other discovery; indeed, each of Plaintiff's three 30(b)(6) topics asks KORR to explain the substance of its answers to contention interrogatories, which

incorporate facts from witnesses who have already been deposed in the case.  Accordingly, the

Court should deny Plaintiff's Motion to Compel as contrary to *In re Independent Service*

*Organizations Antitrust Litigation,* 168 F.R.D. 651, 654 (D. Kan. 1996)(hereafter "*In re*

*Independent Service Organizations*"), or alternatively, grant either a protective order pursuant to

Federal Rule of Civil Procedure 26(c) or an order pursuant to Federal Rule of Civil Procedure

26(b)(2)(C)(i).

> **A. A 30(b)(6) witness's testimony is not a binding judicial admission that precludes a party from providing additional or contradictory evidence at trial.**

Plaintiff's Motion proceeds from that false premise that a 30(b)(6) deposition is necessary

and appropriate "to identify the facts, witnesses, and documents that will be presented at trial

thereby preventing surprise and trial by ambush, and to **bind** Defendants to its [sic] contentions

for cross-examination at trial."[2]  Plaintiff cites no authority for this proposition and ignores the

Tenth Circuit's decision in *Vehicle Market Research., Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251

(10th Cir. 2016).  There, the Court affirmed the district court's refusal to give a jury instruction

that said, "The corporation cannot present a theory of the facts that differs from that articulated

by the designated Rule 30(b)(6) representative." *Id*. at 1259.  Joining its sister circuits, the Tenth

Circuit held that the testimony of a Rule 30(b)(6) witness is merely an evidentiary admission,

rather than a judicial admission, and thus that the proffered instruction was a misstatement of the

law.  *Id*. at 1261; *accord North Alabama Fabricating Co., Inc. v. Bedeschi Mid-W. Conveyor*

*Co., LLC*, No. 16-2740-DDC-TJJ, 2018 WL 2198638, at *16 (D. Kan. May 14, 2018).

---

[2]    Doc. 104 at p. 1 (emphasis added).

**B.** **A Rule 30(b)(6) deposition is known to be an improper means to question a witness about a party's legal contentions.**

For more than two decades, this Court has recognized that a Rule 30(b)(6) deposition is an improper means to question a witness about a party's legal contentions. In *In re Service Organizations,* the plaintiff served the defendant with a Rule 30(b)(6) notice that required the defendant to produce a corporate witness to testify about facts supporting numerous paragraphs of the defendant's denials and affirmative defenses in its answer and counterclaims. Finding these proposed topics improper, the Court held, "Even under today's liberal discovery rules, a corporate defendant is not required to have counsel "marshal all of its factual proof" and prepare a witness to be able to testify of a given defense or counterclaim. 168 F.R.D. at 654. The Court found particularly apropos the following observation:

> [T]o provide the information defendants seek would in effect require the Government to marshal all of its factual proof and then provide it to [the 30(b)(6) designate] so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information....

*Id.* (quoting *United States v. District Counsel of New York City,* No. 90 CIV. 5722 (CSH), 1992 WL 208284 at *15 (S.D.N.Y. Aug. 18, 1992)). The Court therefore concluded that a 30(b)(6) deposition was an "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information," especially when the party agreed to provide the opposing party with a summary of the underlying facts supporting its allegations and defenses. 168 F.R.D. at 654.

In two separate FELA cases brought by the same counsel who represents Plaintiff, the District of Nebraska cited *In re Independent Service Organizations* to reject requests for 30(b)(6) depositions of railroad representatives to explain the bases for its legal contentions, including its comparative fault and mitigation defenses. *See Atwood v. Union Pacific Railroad Company,*

8:21-cv-394, 2022 WL 17585893 at *1 (D. Neb. Dec. 12, 2022); *see also Blackmore v. Union Pacific Railroad,* 8:21-cv-318, 2022 WL 3718115 at *10 (D. Neb. Aug. 29, 2022).

Plaintiff suggests that because contention interrogatories are deemed appropriate, there is no reason why the same information cannot be obtained through a 30(b)(6) deposition. Judge Bostwick rejected this very concept in *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2019 WL 858718, at *3 (D. Kan. Feb. 22, 2019), where he held that a party's legal positions in litigation should be established with the assistance of counsel and that it is therefore improper to question a lay witness regarding a party's legal contentions.

Requiring KORR to present a lay witness to explain the bases for its legal contentions would implicate the very "serious privilege issues" recognized in *In Re Independent Service Organizations.* For example, Plaintiff's topic regarding KORR's mitigation defense is based on what efforts Plaintiff has made to find alternative employment since leaving the railroad, at which point the railroad had no further contact with him. KORR knows of Plaintiff's lack of effort to find a job through discovery conducted in this case. Requiring a 30(b)(6) witness to tell the Plaintiff what he has or has not done to find a job is nonsensical and would require KORR's counsel to provide a witness with information regarding Plaintiff's post-termination job search, then have the witness recite these facts—which originated largely from Plaintiff himself—during a deposition. This process would effectively involve a game of telephone in which KORR's attorney would speak through a lay witness with whom he has shared mental impressions and conclusions about the bases for an affirmative defense.

The court in *Blackmore* recognized the inefficiency and privilege issues inherent in such an exercise, noting the difficulty in distinguishing between unprotected facts and the issue of why those facts have legal consequences, the latter which usually has a work-product dimension,

5

particularly because the party's lawyer was the likely source of the information provided to a witness during preparation for a Rule 30(b)(6) disclosure. *Blackmore,* 8:21-cv-318, 2022 WL 3718115 at \*6 (citation omitted). The court specifically noted that the defendant's Rule 30(b)(6) designee cannot know all of the facts the defendant will advance as supporting its defenses without receiving the deposition response from its counsel. *Id.* The court thus recognized that when a 30(b)(6) witness is asked for facts supporting a particular defense, the witness will "essentially be parroting the lawyer's trial strategy for presenting evidence in favor of that defense." *Id.* The court held that the lawyer's thought processes and organization of evidence for trial is protected work product, whether requested directly from the lawyer or through the conduit of a 30(b)(6) witness. *Id.* at \*7.

    **C.**     **Plaintiff's request for a Rule 30(b)(6) deposition on KORR's affirmative defenses is cumulative and duplicative of other discovery.**

Federal Rule of Civil Procedure 26(b)(2)(C) provides that on motion or on its own, the court ***must*** limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive or (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Here, both conditions apply.

Plaintiff's Rule 30(b)(6) notice requests exactly the same information that Plaintiff requested in Interrogatories 15 and 16 of Answers to Plaintiff's First Interrogatories. KORR answered Interrogatories 15 and 16, and with respect to Interrogatory 16, "which sought all facts supporting each and every affirmative defense[,]" provided a supplement. *See* Exhibit 1 at KORR_Exhibit 1-12 – 1-13 (original answers), and KORR_Exhibit 1-16 – 1-18 (KORR's supplemental response to Interrogatory 16). Plaintiff does not assert that KORR's answers are

deficient, nor does he explain what additional information would be obtained through a 30(b)(6) deposition. Indeed, KORR's interrogatory answers contain a detailed recitation of the facts supporting its defenses, further explaining its position by citing fact witnesses whom Plaintiff has already deposed. In fact, KORR cited these depositions in its response to Plaintiff's Motion for Partial Summary Judgment, where it explained why Plaintiff's accident resulted from his own negligence.[3]

In *Blackmore* and *Atwood,* the court agreed with the defendant's contention that providing a 30(b)(6) witness on topics of contention interrogatories it already answered was duplicative. *See Blackmore,* 8:21-cv-318, 2022 WL 3718115 at *7-8 (citing *Medtronic Inc. v. Edwards Lifesciences Corp.,* CIV. NO. 11–1650(JNE/JSM), 2013 WL 12149252 at *14 (D. Minn. Nov. 8, 2013) for the proposition that upon supplementation of contention interrogatory responses, permitting a Rule 30(b)(6) deposition on the very same topic would be duplicative and burdensome)*; see also Atwood,* 8:21-cv-394, 2022 WL 17585893 at *10. *See also In re Independent Service Organizations,* 168 F.R.D. at 654 (finding 30(b)(6) inappropriate where factual information was discoverable by other less problematic means or was already encompassed by previous discovery).

For the same reasons, this Court should find that KORR's responses to contention interrogatories and Plaintiff's depositions of key fact witnesses are sufficient to inform Plaintiff of KORR's legal contentions and for Plaintiff to learn the information possessed by the relevant fact witnesses. A 30(b)(6) deposition that would require a witness to digest and regurgitate facts already disclosed during discovery would serve no valid purpose, particularly in light of the multiple problems that *In Re Independent Service Organizations* identified.

---

[3]     See Doc Nos. 83-2, 83-3, and 83-4.

**III. CONCLUSION**

Rule 30(b)(6) is an improper means to question a lay witness about a party's legal contentions. Further, Plaintiff's request for a Rule 30(b)(6) deposition on these topics is cumulative and duplicative of other discovery. This Court should deny Plaintiff's motion to compel and enter either a protective order pursuant to Federal Rule of Civil Procedure 26(c) or, alternatively, an order pursuant to Rule 26(b)(2)(C), disallowing Plaintiff's Rule 30(b)(6) notice to KORR.

Respectfully submitted by:

*/s/ Craig M. Leff*
Craig M. Leff, #16251
BatesCarey LLP
191 N. Wacker Drive, Suite 2400
Chicago IL 60606
Phone: (312) 762.3220
Fax: (312) 762.3200
cleff@batescarey.com
**ATTORNEYS FOR DEFENDANT**
**KANSAS & OKLAHOMA RAILROAD, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, and sent same via electronic mail:

John W. Johnson, #07684
MORRIS, LAING, EVANS, BROCK &
KENNEDY, Chartered
300 N. Mead, Suite 200
Wichita, KS 67202
Phone: (316) 262-2671
Fax: (316) 262-6226
jjohnson@morrislaing.com

**ATTORNEYS FOR PLAINTIFF**

Randal W. LeNeave, MN ID #18112
Paul Banker, MN ID #0397585
Joshua N. Miller, MN ID #0397585
HUNEGS, LeNEAVE & KVAS, P.A.
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
Phone: (612) 339-4511
Fax: (612) 339-5150
rleneave@hlklaw.com
pbanker@hlklaw.com
jmiller@hlklaw.com


Kenneth J. Berra, KBN
Eric D. Sexton, KBN
FISHER, PATTERSON, SAYLER & SMITH, LLP
Corporate Woods, Building 51
9393 W. 110thStreet, Suite 300
Overland Park, KS 66210
kberra@fpsslaw.com
esexton@fpsslaw.com
*ATTORNEY FOR THIRD-PARTY DEFENDANT*

/s/ *Craig M. Leff*