# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Brian Pflughoeft,  )
         )
         Plaintiff,  )
         )
     v.  )
         )
Kansas & Oklahoma Railroad, LLC,  )
         )
   Defendant/Third-Party Plaintiff,  )    Case No. **6:22-cv-1177-TC-RES**
         )
     v.  )
         )
McCord Tie and Timber, Inc.,  )
         )
    Third-Party Defendant.  )

## THIRD-PARTY DEFENDANT MCCORD'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Third-Party Defendant McCord Tie and Timber, Inc. ("McCord"), by and through its counsel of record, for its Brief in Opposition to Plaintiff's Motion to Compel, and states as follows:

## I.    <u>STATEMENT OF APPLICABLE FACTS</u>:

1.    Plaintiff's August 10, 2022, Complaint (**DOC #1**) asserts *no* claims against McCord, and, McCord's December 6, 2022, Answer of Third-Party Defendant (**DOC #25**) does ***not*** assert any affirmative defenses against or as to any claims made by Plaintiff against McCord.

2.    On February 21, 2023, the parties took the deposition of Walter M. McCord, the President of McCord, who, when asked: **(A)** if he had an understanding of what Plaintiff's incident consisted of on August 28, 2019, stated "[j]ust based off the reports in I guess the lawsuit and whatnot", Deposition of Walter McCord ("McCord Depo"), p. 12, lines 5-9; **(B)** if, other than what was contained in the lawsuit, he had any firsthand knowledge or information

about what happened, stated "[n]o, we weren't notified there was any kind of incident until the lawsuit was filed three years after the fact", McCord Depo, p. 12, lines 10-16; **(C)** if, after McCord had received notice of the lawsuit, whether he or anyone at McCord did anything to look into the allegations, stated that McCord "just review[ed] what was provided" because "[t]hat was all we had access to", McCord Depo, p. 13, lines 20-24; **(D)** if he or anyone at McCord had any conversations with KORR about or regarding Plaintiff's incident, stated "[n]one" and "[n]ot that I'm aware of", McCord Depo, p. 26, lines 13-19; and **(E)** whether McCord's answer to Interrogatory No. 9, which stated, in relevant part, "Third-Party Defendant did not conduct an investigation into this lawsuit and has no personal knowledge of the underlying accident", was "correct" and "true as of today", stated "[y]es" and "[y]es, I believe so". McCord Depo, p. 69, lines 3-19; p. 70, lines 21-25; p. 71, lines 1-6.

3. On Tuesday, February 21, 2023, the parties took the deposition of Shane R. Baker, the Shipping Supervisor for McCord, who, when asked: **(A)** whether he knew Plaintiff or whether he had ever spoken with Plaintiff about Plaintiff's incident, stated "[n]o, sir" and "[n]o, sir", Deposition of Shane Baker ("Baker Depo"), p. 14, lines 16-23; **(B)** what was the first that he had heard about an incident involving Plaintiff, stated "just a few weeks ago", and that "Mitchell McCord", his boss, came in and "told me that we was probably going to have to do this deposition", Baker Depo, p. 14, lines 24-25; p. 15, lines 1-18; **(C)** whether he had any working understanding of what the incident was that Plaintiff was complaining about, stated that he "didn't really understand it", Baker Depo, p. 16, lines 12-19.; and **(D)** whether, as to what the lawsuit is about, *i.e.*, what happened, any of that, he had any personal information, stated "[n]o". Baker Depo, p. 17, lines 4-9.

**4.** On August 8, 2023, Plaintiff served Plaintiff's Second Amended Notice of Taking Deposition of Third-Party Defendant McCord Pursuant to Rule 30(b)(6). *See* attached **EXHIBIT 1**; **DOC #25**, ¶¶ 15-18, 21, pp. 3-4.

**5.** On August 9, 2023, McCord served its Amended Objections to Plaintiff's Second Amended Notice of Taking Deposition of Third-Party Defendant McCord Pursuant to Rule 30(b)(6). *See* attached **EXHIBIT 1**.

## II. <u>ARGUMENT</u>:

The "contention" topics in Plaintiff's August 8, 2023, Second Amended Rule 30(b)(6) deposition notice to McCord are overbroad, unduly burdensome, needlessly cumulative and duplicative, ***not*** proportional to the needs of this case, and/or seek information, including the mental impressions of defense counsel, protected by attorney-client privilege and/or the attorney work product doctrine.

Although McCord found ***no*** 10th Circuit case which directly addresses the use of "contention" topics for a Rule 30(b)(6) deposition,[1] McCord did find five (5) District of Kansas cases which do. *See e.g. In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D.Kan. 1996);[2] *S.E.C. v. Kovzan*, 2013 WL 653611, at * 3 - *4, n. 18, n. 22 –

---

[1] For cases from other Circuits which do, *see United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 324 (4th Cir. 2018). *Cf. Venture Industries Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1324-1325 (Fed.Cir. 2006); *U.S. v. Davis*, 261 F.3d 1, 40, n. 35 (1st Cir. 2001).

[2] *In re Indep. Serv. Organizations Antitrust Litig.* has been cited by approximately forty-eight (48) cases.

n. 23 (D.Kan. Feb. 21, 2013);[3] *Funk v. Pinnacle Health Facilities XXXII, LP*, 2019 WL 858718, at * 3, n. 2 (D.Kan. Feb. 22, 2019).[4]

A Rule 30(b)(6) deposition does ***not*** enable a party to coerce the opposing party to "marshal all of its factual proof" and "prepare a witness to be able to testify on a given defense".[5] Moreover, a party's binding legal contentions or positions in litigation should be established with the assistance and input of that party's attorney,[6] and a corporate representative "who is not a lawyer, should ***not*** be expected to present orally a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by the corporate party".[7] Furthermore, "depositions, including 30(b)(6) depositions, are designed to discover

---

[3] Other than *Funk*, *Kovzan* has been cited by only two (2) other cases. *See Cotton v. Costco Wholesale Corp.*, 2013 WL 3819975, at * 4, n. 19 (D.Kan. July 24, 2013); *Florida v. U.S.*, 342 F.R.D. 153, 159 (N.D.Fla. 2022).

[4] *Cf. Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1054279, at * 3, n. 8 (D.Kan. Apr. 9, 2007); *Lipari v. U.S. Bancorp, N.A*, 2008 WL 4642618, at * 6, n. 37 – n. 43 (D.Kan. Oct. 16, 2008). *Funk* has been cited by five (5) relevant cases. *See Atwood v. Union Pacific Railroad Company*, 2022 WL 17585893, at *8 - * 10 (D.Neb. Dec. 12, 2022)(a FELA case in which Plaintiff's counsel, Mr. Banker, appeared)(citing *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. at 654); *Tapia v. TA Operating, LLC*, 2022 WL 1604673, at * 3 (D.N.M. May 20, 2022); *Puskarich v. BNSF Company*, 2022 WL 611276, at * 1, *5 - * 7 (D.Wyo, Feb. 22, 2022); *Tellis v. LeBlanc*, 2020 WL 5732628, at * 5 (W.D.La. Sep. 24, 2020); *Quarrie v. Wells*, 2020 WL 5329886, at * 5 - * 6 (D.N.M. Sep. 4, 2020).

[5] *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. at 654.

[6] *Tapia*, 2022 WL 1604673, at * 3; *Puskarich*, 2022 WL 611276, at * 6; *Funk*, 2019 WL 858718, at * 3, n. 2. In this light, for a 10th Circuit case addressing whether the testimony of a Rule 30(b)(6) representative qualifies as a judicial admission or an evidentiary admission, *see Vehicle Market Research, Inc. v. Mitchell International, Inc.*, 839 F.3d 1251, 1260-1261 (10th Cir. 2016). *See also North Alabama Fabricating Company, Inc. v. Bedeschi Mid-West Conveyor Company, LLC*, 2018 WL 2198638, at * 16 (D.Kan. May 14, 2018); *Media Services Group, Inc. v. Lesso, Inc.*, 45 F.Supp.2d 1237, 1254 (D.Kan. 1999); *Federated Mut. Ins. Co. v. Botkin Grain Co.*, 1997 WL 158399, at * 4 (D.Kan. Mar. 27, 1997).

[7] *Duran-Toledo v. AdventHealth North Polk Inc.*, 2021 WL 7448470, at * (M.D.Fla. Oct. 29, 2021); *Yellow Pages Photos, Inc. v. YP, LLC*, 2019 WL 3817385, at * 3 (M.D.Fla. Aug. 14,

facts, **_not_** contentions or legal theories, which, to the extent discoverable at all prior to trial, **_must_** be **discovered _by other means_**",[8] and "contention" interrogatories are "a more appropriate means of obtaining the information sought" through a 30(b)(6) deposition.[9]

Like every other vehicle for obtaining discovery in civil litigation, Rule 30(b)(6) is still limited by Rule 26(b), which sets out the scope of discovery, Fed.R.Civ.P. 26(b),[10] and the Court has discretion to limit discovery where the party issuing discovery seeks privileged information, including (as here) information protected by the attorney work product doctrine or privilege.

A Rule 30(b)(6) deposition "is **_not_** a quiz, **_nor_** is it the most practical way to obtain such information",[11] and "it is simply impractical to expect Rule 30(b)(6) witnesses to know the

---

2019); *Stoneeagle Services, Inc. v. Pay–Plus Solutions, Inc.*, 2015 WL 12843846, at * 2 (M.D.Fla. Apr. 29, 2015).

[8] *Wilmington Trust, National Association as Trustee for Registered Holders of Bancorp Commercial Mortgage 2019-CRE5 Trust, Commercial Mortgage Pass-Through Certificates, Series 2019-CRE5 v. Samcom 48 (DE) LLC*, 2022 WL 17977499, at * 5 (E.D.N.Y. Dec. 28, 2022)(emphasis added); *Hartman v. City of Lincoln, Nebraska*, 2021 WL 3856129, at * 7 (D.Neb. Aug. 27, 2021); *Yellow Pages Photos, Inc.*, 2019 WL 3817385, at * 3. *See also Liveperson, Inc. v. 24/7 Customer, Inc.*, 2015 WL 4597546, at *6 - * 7 (S.D.N.Y. July 30, 2015); *Arthrex, Inc. v. Parcus Medical, LLC*, 2013 WL 12155461, at * 1 - * 2 (M.D.Fla. Nov. 18, 2013); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002).

[9] *Wilmington Trust*, 2022 WL 17977499, at * 5 (emphasis added); *Liveperson, Inc.*, 2015 WL 4597546, at * 7; *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2009 WL 3463912, at * 1 (E.D.N.Y. Oct. 21, 2009).

[10] Fed.R.Civ.P. 26(b)(2)(C) requires a court to "limit the frequency or extent of discovery otherwise allowed" if it determines that "the discovery sought is **_unreasonably_ cumulative or duplicative**, or can be obtained from some other source that is **_more_ convenient, _less_ burdensome, or _less_ expensive**". Fed.R.Civ.P. 26(b)(2)(C)(i)(emphasis added)

[11] *Burton v. AbbVie, Inc.*, 2023 WL 4677024, at * 3 (C.D.Cal. June 21, 2023); *Willy v. Sherwin-Williams Company*, 2022 WL 1553703, at * 4 (D.Ore. May 17, 2022); *CMI Roadbuilding, Inc. v. SpecSys, Inc.*, 2021 WL 9682172, at * 3 (W.D.Okla. Jan. 18, 2021).

intimate details of everything".[12] "Certain questions may seek details so minute that a witness could not reasonably be expected to answer them",[13] and Rule 30(b)(6) deposition topics "should be drafted in accordance with the widely-recognized understanding that 'Rule 30(b)(6) is not designed to be a memory contest",[14] because a Rule 30(b)(6) deposition should ***not*** be "a 'memory contest' of topics better suited to a written response or supplemental document production"[15] and because Rule 30(b)(6) depositions are ***not*** meant to be "traps in which the lack of an encyclopedic memory commits an organization to a disadvantageous position".[16]

Although federal district courts are divided in their approaches to "contention" 30(b)(6) topics,[17] and some courts treat them favorably, ***most* courts take a more restrictive view.** *Id*. In fact, many courts reject the use of Rule 30(b)(6) to require an adverse party to "marshal . . . its

---

[12] *Burton*, 2023 WL 4677024, at * 3; *DarbeeVision, Inc. v. C&A Marketing, Inc.*, 2019 WL 2902697, at * 8 (C.D.Cal. Jan. 28, 2019); *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at * 8 (C.D.Cal. Oct. 26, 2016).

[13] *CMI Roadbuilding, Inc.*, 2021 WL 9682172, at * 3; *Schneider v. CitiMortgage, Inc.*, 2017 WL 2831083, at *4 (D.Kan. June 28, 2017), later opinion 2017 WL 4882663, at * 3 (D.Kan. Oct. 30, 2017); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216 (E.D.Pa. 2008).

[14] *DarbeeVision, Inc.*, 2019 WL 2902697, at * 7; *HVI Cat Canyon, Inc.*, 2016 WL 11683593, at * 7.

[15] *Wilmington Trust*, 2022 WL 17977499, at * 2; *Townsquare Media, Inc. v. Regency Furniture, Inc.*, 2022 WL 4538954, at * 10 (S.D.N.Y. Sep. 28, 2022); *Jenkins v. XpresSpa Group, Inc.*, 2020 WL 1644012, at * 5 (S.D.N.Y. Apr. 2, 2020). *BlackRock Balanced Capital Portfolio (FI) v. Deutsche Bank National Trust Company*, 2017 WL 11810965, at * 1 (S.D.N.Y. Sep. 15, 2017); *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, National Association*, 2017 WL 9400671, at * 2 (S.D.N.Y. Apr. 27, 2017).

[16] *Walls v. Union Pacific Railroad Company*, 2022 WL 4082143, at 5 (D.Neb. Sep. 6, 2022)(a FELA case in which Plaintiff's counsel, Mr. Banker, appeared); *Bierk v. Tango Mobile, LLC*, 2021 WL 698479, at * 3 (N.D.Ill. Feb. 23, 2021); *Tolston v. Charles Drew Health Center, Inc.*, 2017 WL 2838134, at * (D.Neb. June 30, 2017); *Brown v. West Corp.*, 2014 WL 1794870, at * 1 (D.Neb. May 6, 2014).

[17] *Addison Whitney, LLC v. Cashion*, 2020 WL 3096793, at * 19 (N.C. Superior Ct. June 10, 2020).

{O0375835}

factual proof" and then put forward a witness to be cross-examined regarding such proof under oath.[18]

One reason is that other discovery tools, especially interrogatories, are better suited to explore an opponent's legal theories,[19] and another reason is that it may be unreasonable to expect a witness, even an educated witness, to be prepared to testify about all facts underlying a given claim.[20] Moreover, "the obligation to make a good-faith effort to produce knowledgeable witnesses 'becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand'",[21] and the purpose served by Fed.R.Civ.P. 30(b)(6) "does ***not*** extend to burdening the responding party with production and preparation of a witness on every facet of the litigation". *Id.*

## III.    <u>CONCLUSION</u>:

WHEREFORE, based on the foregoing, Third-Party Defendant McCord respectfully requests this Court to deny Plaintiff's Motion to Compel 30(b)(b) Deposition Testimony in its entirety.

---

[18] Robert F. Redmond, Jr., *Advanced Topics in Oral Civil Discovery*, 88 DEFCJ 1, 5-7, n. 10 – n. 14 (2021)(citing *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. at 654).

[19] *Addison Whitney, LLC*, 2020 WL 3096793, at * 19 (citing *Cx Reinsurance Co. v. B&R Mgmt.*, 2018 U.S. Dist. LEXIS 56386, at *11 (D. Md. Apr. 3, 2018); *JPMorgan Chase Bank*, 209 F.R.D. at 362).

[20] *Addison Whitney, LLC*, 2020 WL 3096793, at * 19 (citing *Lenox MacLaren Surgical Corporation v. Medtronic, Incorporated*, 2015 WL 3635422, at * 4 - *5 (D.Colo. June 11, 2015); *Castillon v. Corrections Corp. of America, Inc.*, 2014 WL 4365317, at * 2 (D.Idaho Sep. 2, 2014); *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. at 654).

[21] *Addison Whitney, LLC*, 2020 WL 3096793, at * 19 (citing *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1511901, at * 2, n. 6 – n. 7 (N.D. Cal. Jan. 27, 2012)).

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  */s/ Eric C. Sexton*
Kenneth J. Berra, KBN 13159
Eric C. Sexton, KBN 14392
Corporate Woods, Building 51
9393 W. 110th Street, Suite 300
Overland Park, KS  66210
(913) 339-6757 – Phone
(913) 660-7919 – Fax
kberra@fpsslaw.com
esexton@fpsslaw.com
***ATTORNEY FOR THIRD-PARTY
DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that, on August 16, 2023, the foregoing was electronically filed with the Office of the Clerk and copies electronically served on all attorneys and parties of record.


  */s/ Eric C. Sexton*
Kenneth J. Berra