**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Brian Pflughoeft, )
)
        Plaintiff, )
)
v. )
)
Kansas & Oklahoma Railroad, LLC, )
)
    Defendant/Third-Party Plaintiff, )    Case No. **6:22-cv-1177-TC-RES**
)
v. )
)
McCord Tie and Timber, Inc., )
)
       Third-Party Defendant. )

### THIRD-PARTY DEFENDANT MCCORD TIE & TIMBER, INC.'S AMENDED OBJECTIONS TO PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING DEPOSITION OF THIRD-PARTY DEFENDANT MCCORD TIE & TIMBER PURSUANT TO RULE 30(b)(6)

COMES NOW Third-Party Defendant McCord Tie and Timber, Inc. ( "McCord"), by and through its counsel of record, pursuant to the Court's August 4, 2023, Order, for McCord's Amended Objections to Plaintiff's August 8, 2023, Second Amended Notice of Taking Deposition of Third-Party Defendant McCord Pursuant to Rule 30(b))6), and states as follows:

**Plaintiff's August 8, 2023, Second Amended Notice of Taking Deposition**
**of Third-Party Defendant McCord Pursuant to Rule 30(b)(6)**

On Tuesday, August 8, 2023, Plaintiff served Plaintiff's Second Amended Notice of Taking Deposition of Third-Party Defendant McCord Pursuant to Rule 30(b)(6), which states, in relevant part, as follows:

> Pursuant to Federal Rule of Civil Procedure 30(b)(6), McCord Tie & Timber is required to designate and fully prepare one or more officers, directors, managing agents, safety committee members, or other persons who consent to testify on behalf of the McCord Tie & Timber and whom McCord Tie & Timber will fully prepare to testify regarding the following designated matters and **as to**

**EXHIBIT 1**

*all* **such information** that is known or reasonably available to McCord Tie & Timber:

1.  Identify the principal and material facts, witnesses, or documents **on which you base your** *contention* **in Paragraph 15 of Third-Party Defendant's Answer** regarding the negligent actions of Plaintiff and/or Defendant/Third-Party Defendant which cause the injuries and damages to Plaintiff.

2.  Identify the principal and material facts, witnesses, or documents **on which you base your** *contention* **in Paragraph 16 of Third-Party Defendant's Answer** regarding the negligent actions of any "unknown person/entities whose identity will be disclosed through discovery."

3.  Identify the principal and material facts, witnesses, or documents **on which you base your** *contention* **in Paragraph 17 of Third-Party Defendant's Answer** that Plaintiff failed to reduce his damages.

4.  Identify the principal and material facts, witnesses, or documents **on which you base your** *contention* **in Paragraph 18 of Third-Party Defendant's Answer** concerning Plaintiff assuming the risk of his conduct.

5.  Identify the principal and material facts, witnesses, or documents **on which you base your** *contention* **in Paragraph 21 of Third-Party Defendant's Answer** that, "Third-Party Defendant incorporates by reference each and every defense/affirmative defense raised by the Defendant/Third-Party Plaintiff to Plaintiff's Complaint not inconsistent herewith."

(Emphasis added).

**Amended Objections, Including Amended Objections to Designated Matters, To Plaintiff's August 8, 2023, Second Amended Notice of Taking Deposition of Third-Party Defendant McCord Pursuant to Rule 30(b)(6)**

Third-Party Defendant McCord objects to Plaintiff's August 8, 2023, Second Amended 30(b)(6) Notice to McCord to the extent that it seeks "*all* **such information** that is known or readily available to McCord", *i.e.*, more than the "principal or material facts", and is, therefore, overbroad, unduly burdensome, needlessly cumulative and duplicative, ***not*** proportional to the needs of this case, and/or seeks information, including the mental impressions of defense counsel, protected by attorney-client privilege and/or the attorney work product doctrine.

Third-Party Defendant McCord objects to Topic Nos. 1-5 of the designated matters in Plaintiff's August 8, 2023, Second Amended 30(b)(6) Notice to McCord to the extent that the

**EXHIBIT 1**

information sought in Topic Nos. 1-5 is entirely cumulative and duplicative of Plaintiff's January 4, 2023, Interrogatory No. 12 ("State in detail all facts supporting each and every affirmative defense asserted by Third-Party Defendant and identify all witnesses and documents that support each affirmative defense. State in detail the knowledge believed to be known by each witness") to Third-Party Defendant McCord, to which Third-Party Defendant McCord has already responded, as of January 27, 2023, *see* attached **EXHIBIT A**, p. 4, has already supplemented, as of June 30, 2023, *see* attached **EXHIBIT B**, p. 4, and has already further supplemented, as of July 19, 2023, *see* attached **EXHIBIT C**, pp. 1-3, explaining the bases for McCord's defenses and identifying the witnesses with knowledge of facts relevant to McCord's defenses. As such, because the identified witnesses have all been deposed in this case, Topic Nos. 1-5, which seek the same principal and material facts that have already been provided through more appropriate alternative means, namely, interrogatory answers and deposition testimony, are overbroad, unduly burdensome, needlessly cumulative and duplicative, ***not*** proportional to the needs of this case, and/or seek information, including the mental impressions of defense counsel, protected by attorney-client privilege and/or the attorney work product doctrine.

Third-Party Defendant McCord objects to Topic Nos. 1-5 of the designated matters in Plaintiff's August 8, 2023, Second Amended 30(b)(6) Notice to McCord because (1) "contention" interrogatories should ***not*** require the answering party to provide a narrative account of its case; (2) "contention" interrogatories should ***not*** duplicate initial disclosures, as supplemented; and (3) a court will generally find "contention" interrogatories that ask for "all facts", "any and all facts", "each and every fact", or "every fact" supporting identified allegations or defenses overly broad and unduly burdensome on their face.

**EXHIBIT 1**

Third-Party Defendant McCord objects to Topic Nos. 1-5 of the designated matters in Plaintiff's August 8, 2023, Second Amended 30(b)(6) Notice to McCord because, under *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D.Kan. 1996), Plaintiff's attempt to discover the bases for McCord's contentions is an overbroad, burdensome, and highly inefficient method through which to obtain otherwise discoverable information and implicates serious privilege concerns. *Id*. at 654. As the Court further explained, "Even under the present-day liberal discovery rules, [defendant] is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim." *Id*. (citing *United States v. District Council of New York City*, No. 90 CIV. 5722 (CSH), 1992 WL 208284, at *15 (S.D.N.Y. August 18, 1992)); *see also Trustees of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 5786492, at *4 (D.Mass. Sep. 24, 2014)(citing *In re Independent Services Organizations* and declining to compel a corporation to designate a witness to answer "contention" topics).

Finally, Third-Party Defendant McCord objects to Topic Nos. 1-5 of the designated matters in Plaintiff's August 8, 2023, Second Amended 30(b)(6) Notice to McCord because **(A)** a Rule 30(b)(6) deposition does **_not_** enable a party to coerce the opposing party to marshal all of its factual proof and prepare a witness to be able to testify regarding its defense of an entire lawsuit, **_nor_** does it entitle a party to the mental processes and strategies of opposing counsel; **(B)** a party's binding legal contentions or positions in litigation should be established with the assistance and input of a party's attorney; and **(C)** depositions, including 30(b)(6) depositions, are designed to discover facts, **_not_** contentions or legal theories, which, to the extent discoverable at all prior to trial, **_must_** be discovered by other means.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


  /s/ Eric C. Sexton
Kenneth J. Berra, KBN 13159
Eric C. Sexton, KBN 14392
Corporate Woods, Building 51
9393 W. 110th Street, Suite 300
Overland Park, KS  66210
(913) 339-6757 – Phone
(913) 660-7919 – Fax
kberra@fpsslaw.com
esexton@fpsslaw.com
***ATTORNEY FOR THIRD-PARTY***
***DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that, on August 9, 2023, the foregoing was electronically filed with the Office of the Clerk and copies electronically served on all attorneys and parties of record.


  /s/ Eric C. Sexton
Eric C. Sexton

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Brian Pflughoeft, )
)
          Plaintiff, )
)
   v. )
)
Kansas & Oklahoma Railroad, LLC, )
) Case No. **6:22-cv-01177-TC-RES**
   Defendant/Third-Party Plaintiff, )
)
   v. )
)
McCord Tie and Timber, Inc., )
)
   Third-Party Defendant. )

## THIRD PARTY DEFENDANTS' ANSWER & OBJECTIONS TO PLAINITFF'S FIRST SET OF INTERROGATORIES

COMES NOW Third-Party Defendant, by and through undersigned counsel, and pursuant to FRCP 33(b), responds to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTION TO PLAINTIFF'S INSTRUCTIONS & DEFINITIONS INCLUDED IN HIS FIRST SET OF INTERROGATORIES

Third-Party Defendant objects to the prefatory statement, instructions, definition of terms and/or other directive language set forth in Plaintiff's First Set of Interrogatories as such is not approved or countenanced by FRCP Rules 26 or 33 or the Local Rules of the District Court.

## INTERROGATORRIES

1. Identify by name and address all witnesses (excluding retained experts) who have or may have knowledge regarding the facts alleged in Plaintiff's Complaint and/or Third-Party Plaintiff's Complaint and describe the subjects that they have information about.

**ANSWER:** **None other than those persons listed in the parties Rule 26 disclosures.**

**EXHIBIT 1**                                    **EXHIBIT A**

2.     List the names, job titles and place of employment of all persons, including the parties to this action, giving any reports or statements, written or otherwise, who were interviewed or questioned by or on behalf of the parties in connection with the matter complained of in this case, and state the dates on which the said reports or statements were obtained, and the name, title, and address of the person or persons taking such reports or statements, and the names and addresses of all persons who have custody of the reports or statements.

**ANSWER:     None.**

3.     Identify the people responsible for loading, securing, inspecting, and maintaining the railcar, tie-downs, equipment, and timber load involved in the incident described in Plaintiff's Complaint and/or Third-Party's Complaint.

**ANSWER:  Shane Baker was the loading and shipping superintendent; however, Third-Party Defendant does not currently know the names of the persons actually doing the loading of the railroad ties.**

4.     Identify any work performed by Third-Party Defendant to prepare the railcar, tie-downs, equipment, and timber load so that it was in reasonably safe condition prior to the incident alleged in Plaintiff's Complaint, including the person or persons performing said work, limited to the thirty (30) day period prior to the incident described in Plaintiff's Complaint and/or Third-Party's Complaint.

**ANSWER:  The railroad ties were loaded and secured onto the railroad car per the AAR loading diagram (Bates No. MTT 0000001-0000002).  Before loading, a plastic sheet was placed on each railroad car to protect it from the creosote treated railroad ties.  Each railroad car consisted of 960 6"x8"x8'6" cross ties that we bundled into 48 bundles of 20 per bundle.  Each bundle of 20 ties was secured with 2 AAR-approved bands/strapping per bundle.  Each railcar was loaded with 24 bundles on each side of the car in rows of 8 bundles long and 4 rows high. At present, Third-Party Defendant does not know the names of the persons actually doing the loading of the railroad ties.**

5.     Identify any communication or warning Third-Party Defendant communicated to Plaintiff and/or Third-Party Plaintiff about the railcar, tie-downs, equipment, and timber load, on

**EXHIBIT 1**                    **EXHIBIT A**

or before the date of the incident alleged in Plaintiff's Complaint.

**ANSWER:  Third-Party Defendant is not currently aware of any such warnings.**

6.      Identify all written or oral communications regarding the facts alleged in Plaintiff's Complaint and/or Third-Party's Complaint.  If a privilege is claimed, please provide a privilege log.

**ANSWER:   None other than those conversations Third-Party Defendant had with its attorneys.**

7.      Identify all photographs, videos, maps, drawings, diagrams, measurements, visual representations, or other descriptions regarding the facts alleged in Plaintiff's Complaint and/or Third-Party's Complaint.  If a privilege is claimed, please provide a privilege log.

**ANSWER:    Third-Party Defendant has no such documents.**

8.      Identify all documents Third-Party Defendant has received or reviewed relating to the incident alleged in Plaintiff's Complaint and/or Third-Party's Complaint.  If a privilege is claimed, please provide a privilege log.

**ANSWER:   None other the Plaintiff's Complaint and those documents disclosed by the Third-Party Defendant in its Rule 26 disclosures.**

9.      Provide a detailed description of your understanding of the incident described in Plaintiff's Complaint and/or Third-Party's Complaint - what happened, when, where, and how.

**ANSWER:   Third-Party Defendant first learned of this lawsuit when it was served with the Third-Party Complaint.  Third-Party Defendant did not conduct an investigation into this lawsuit and has no personal knowledge of the underlying accident.**

10.      Identify any complaints made about the railcar or equipment involved in the incident alleged in Plaintiff's Complaint and/or Third-Party's Complaint together with any witnesses with knowledge regarding these facts.

**ANSWER:    Third-Party Defendant is not aware of any such complaints.**

11.      Identify any law, regulation, rule, instruction, custom, or practice that you contend

3

**EXHIBIT 1                    EXHIBIT A**

Plaintiff violated with respect to the facts alleged in Plaintiff's Complaint and/or Third-Party's Complaint.

**ANSWER:** **Presently unknown, however, this interrogatory answer will be updated as needed upon the completion of discovery.**

12. State in detail all facts supporting each and every affirmative defense asserted by Third-Party Defendant and identify all witnesses and documents that support each affirmative defense. State in detail the knowledge believed to be known by each witness.

**ANSWER:** **Third-Party Defendant objects to this interrogatory because (1) the question is overbroad and could seek information disclosed/discussed within the attorney client relationship, seeks information prepared in anticipation of litigation, and it seeks attorney work product information; (2) it seeks the disclosure of the mental impressions, conclusion, opinions, and/or legal theories of the defendant's attorney, (3) it seeks information that reflects the defendant's attorneys efforts of case investigation and case preparation, including one's pattern of investigation, assembling information and determining relevant facts, and (4) it generally exceeds the scope and purpose of FRCP 26 and 33. Without waiving this objection, Third-Party Defendant has no such knowledge/information absent what it has learned from its attorneys or what was disclosed in the parties Rule 26 disclosures.**

13. Describe in detail Third-Party Defendant's fact-finding mission, investigation, re-creation of the incident and injuries, any and all theories or conclusions arising from the investigation and produce all documents and tangible things relating thereto.

**ANSWER:** **Third-Party Defendant did not conduct any investigation regarding the alleged accident or Plaintiff's alleged injuries or damages.**

14. Identify each person participating in Third-Party Defendant's investigation of this incident and state in detail their knowledge and information possessed by each person.

**ANSWER:** **Not applicable.**

15. Identify all persons who participated in safety audits or training procedures with Defendant Kansas & Oklahoma Railroad.

**ANSWER:** **None.**

**EXHIBIT 1**　　　　　　　　**EXHIBIT A**

16.     For each answer provided to Plaintiff's interrogatories and requests for documents, provide the name of each individual consulted to answer the interrogatory or document request, the information provided by the individual, and identify all documents reviewed to answer or respond to the interrogatory or document request.  If any privilege is claimed, please provide a privilege log.

**ANSWER:     Mitchell McCord.**

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

  */s/ Kenneth J. Berra*
Kenneth J. Berra, KBN 13159
Eric D. Sexton, KBN 14392
Corporate Woods, Building 51
9393 W. 110th Street, Suite 300
Overland Park, KS  66210
(913) 339-6757 – Phone
(913) 660-7919 – Fax
kberra@fpsslaw.com
esexton@fpsslaw.com

***ATTORNEY FOR THIRD-PARTY
DEFENDANT***

**EXHIBIT 1**                    **EXHIBIT A**

## <u>THIRD-PARTY DEFENDANT'S SWORN SIGNATURE</u>

STATE OF _Alabama_ )
) ss.
COUNTY OF _Morgan_ )

The below named person, being duly sworn on oath states that he or she has read the foregoing interrogatories and the answers given are true to the best of affiant's knowledge and belief.

McCord Tie and Timber, Inc

By:_____
Mitchell McCord

The foregoing answers to interrogatories were subscribed and sworn to before me this **24th** day of January, 2023.

_____
Notary Public

My commission expires: _10-22-2024_

6

**EXHIBIT 1**                    **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Brian Pflughoeft, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kansas & Oklahoma Railroad, LLC, | ) | |
| | ) | Case No. **6:22-cv-01177-TC-RES** |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| McCord Tie and Timber, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## THIRD PARTY DEFENDANTS' FIRST AMENDED ANSWER & OBJECTIONS TO PLAINITFF'S FIRST SET OF INTERROGATORIES

COMES NOW Third-Party Defendant, by and through undersigned counsel, and pursuant to FRCP 33(b), responds to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTION TO PLAINTIFF'S INSTRUCTIONS & DEFINITIONS INCLUDED IN HIS FIRST SET OF INTERROGATORIES

Third-Party Defendant objects to the prefatory statement, instructions, definition of terms and/or other directive language set forth in Plaintiff's First Set of Interrogatories as such is not approved or countenanced by FRCP Rules 26 or 33 or the Local Rules of the District Court.

## INTERROGATORRIES

1. Identify by name and address all witnesses (excluding retained experts) who have or may have knowledge regarding the facts alleged in Plaintiff's Complaint and/or Third-Party Plaintiff's Complaint and describe the subjects that they have information about.

**ANSWER:** **None other than those persons listed in the parties Rule 26 disclosures.**

{O0375112}

**EXHIBIT 1**                    **EXHIBIT B**

<u>**SUPPLEMENTAL ANSWER:**</u>  **None other than those persons listed or disclosed in the parties Rule 26 disclosures, written discovery, document production, and/or depositions.**

2.      List the names, job titles and place of employment of all persons, including the parties to this action, giving any reports or statements, written or otherwise, who were interviewed or questioned by or on behalf of the parties in connection with the matter complained of in this case, and state the dates on which the said reports or statements were obtained, and the name, title, and address of the person or persons taking such reports or statements, and the names and addresses of all persons who have custody of the reports or statements.

<u>**ANSWER:**</u>    **None.**

3.      Identify the people responsible for loading, securing, inspecting, and maintaining the railcar, tie-downs, equipment, and timber load involved in the incident described in Plaintiff's Complaint and/or Third-Party's Complaint.

<u>**ANSWER:**</u>  **Shane Baker was the loading and shipping superintendent; however, Third-Party Defendant does not currently know the names of the persons actually doing the loading of the railroad ties.**

4.      Identify any work performed by Third-Party Defendant to prepare the railcar, tie-downs, equipment, and timber load so that it was in reasonably safe condition prior to the incident alleged in Plaintiff's Complaint, including the person or persons performing said work, limited to the thirty (30) day period prior to the incident described in Plaintiff's Complaint and/or Third-Party's Complaint.

<u>**ANSWER:**</u>  **The railroad ties were loaded and secured onto the railroad car per the AAR loading diagram (Bates No. MTT 0000001-0000002).  Before loading, a plastic sheet was placed on each railroad car to protect it from the creosote treated railroad ties.  Each railroad car consisted of 960 6"x8"x8'6" cross ties that we bundled into 48 bundles of 20 per bundle.  Each bundle of 20 ties was secured with 2 AAR-approved bands/strapping per bundle.  Each railcar was loaded with 24 bundles on each side of the car in rows of 8 bundles long and 4 rows high. At present, Third-Party Defendant does not know the names of the persons actually doing the loading of the railroad ties.**

**EXHIBIT 1**                    **EXHIBIT B**

5. Identify any communication or warning Third-Party Defendant communicated to Plaintiff and/or Third-Party Plaintiff about the railcar, tie-downs, equipment, and timber load, on or before the date of the incident alleged in Plaintiff's Complaint.

**ANSWER: Third-Party Defendant is not currently aware of any such warnings.**

6. Identify all written or oral communications regarding the facts alleged in Plaintiff's Complaint and/or Third-Party's Complaint. If a privilege is claimed, please provide a privilege log.

**ANSWER: None other than those conversations Third-Party Defendant had with its attorneys.**

7. Identify all photographs, videos, maps, drawings, diagrams, measurements, visual representations, or other descriptions regarding the facts alleged in Plaintiff's Complaint and/or Third-Party's Complaint. If a privilege is claimed, please provide a privilege log.

**ANSWER: Third-Party Defendant has no such documents.**

8. Identify all documents Third-Party Defendant has received or reviewed relating to the incident alleged in Plaintiff's Complaint and/or Third-Party's Complaint. If a privilege is claimed, please provide a privilege log.

**ANSWER: None other the Plaintiff's Complaint and those documents disclosed by the Third-Party Defendant in its Rule 26 disclosures.**

9. Provide a detailed description of your understanding of the incident described in Plaintiff's Complaint and/or Third-Party's Complaint - what happened, when, where, and how.

**ANSWER: Third-Party Defendant first learned of this lawsuit when it was served with the Third-Party Complaint. Third-Party Defendant did not conduct an investigation into this lawsuit and has no personal knowledge of the underlying accident.**

10. Identify any complaints made about the railcar or equipment involved in the incident alleged in Plaintiff's Complaint and/or Third-Party's Complaint together with any witnesses with knowledge regarding these facts.

**EXHIBIT 1** **EXHIBIT B**

**ANSWER:** **Third-Party Defendant is not aware of any such complaints.**

11.  Identify any law, regulation, rule, instruction, custom, or practice that you contend Plaintiff violated with respect to the facts alleged in Plaintiff's Complaint and/or Third-Party's Complaint.

**ANSWER:** **Presently unknown, however, this interrogatory answer will be updated as needed upon the completion of discovery.**

**SUPPLEMENTAL ANSWER: Third-Party Defendant relies upon those laws, regulations, rules, instructions, customs, or practices as testified to by the Plaintiff, Plaintiff's expert witnesses Brandon Ogden and Jason Engel, and/or Defendant KORR witnesses in their depositions, as well as those acts of comparative fault as listed in Third-Party Defendant's Answer, Third-Party Defendant's First Amended Comparative Fault Disclosure, and the Court's Pre-Trial Order.**

12.  State in detail all facts supporting each and every affirmative defense asserted by Third-Party Defendant and identify all witnesses and documents that support each affirmative defense.  State in detail the knowledge believed to be known by each witness.

**ANSWER:** **Third-Party Defendant objects to this interrogatory because (1) the question is overbroad and could seek information disclosed/discussed within the attorney client relationship, seeks information prepared in anticipation of litigation, and it seeks attorney work product information; (2) it seeks the disclosure of the mental impressions, conclusion, opinions, and/or legal theories of the defendant's attorney, (3) it seeks information that reflects the defendant's attorneys efforts of case investigation and case preparation, including one's pattern of investigation, assembling information and determining relevant facts, and (4) it generally exceeds the scope and purpose of FRCP 26 and 33.  Without waiving this objection, Third-Party Defendant has no such knowledge/information absent what it has learned from its attorneys or what was disclosed in the parties Rule 26 disclosures.**

**SUPPLEMENTAL ANSWER: Subject to the aforesaid objection and answer, Third-Party Defendant relies upon the deposition testimony of Plaintiff, Plaintiff's expert witnesses, and/or Defendant KORR witnesses and any witness and/or document listed or disclosed in the parties Rule 26 disclosures, written discovery, document production, and/or depositions.**

13.  Describe in detail Third-Party Defendant's fact-finding mission, investigation, re-creation of the incident and injuries, any and all theories or conclusions arising from the investigation and produce all documents and tangible things relating thereto.

**ANSWER:** **Third-Party Defendant did not conduct any investigation regarding the**

**EXHIBIT 1**        **EXHIBIT B**

**alleged accident or Plaintiff's alleged injuries or damages.**

14. Identify each person participating in Third-Party Defendant's investigation of this incident and state in detail their knowledge and information possessed by each person.

**ANSWER:** **Not applicable.**

15. Identify all persons who participated in safety audits or training procedures with Defendant Kansas & Oklahoma Railroad.

**ANSWER:** **None.**

16. For each answer provided to Plaintiff's interrogatories and requests for documents, provide the name of each individual consulted to answer the interrogatory or document request, the information provided by the individual, and identify all documents reviewed to answer or respond to the interrogatory or document request. If any privilege is claimed, please provide a privilege log.

**ANSWER:** **Mitchell McCord.**

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

 */s/ Kenneth J. Berra*
Kenneth J. Berra, KBN 13159
Eric D. Sexton, KBN 14392
Corporate Woods, Building 51
9393 W. 110th Street, Suite 300
Overland Park, KS  66210
(913) 339-6757 – Phone
(913) 660-7919 – Fax
kberra@fpsslaw.com
esexton@fpsslaw.com

***ATTORNEY FOR THIRD-PARTY DEFENDANT***

**EXHIBIT 1**             **EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Brian Pflughoeft,                           )
                                            )
      Plaintiff,                          )
                                            )
v.                                          )
                                            )
Kansas & Oklahoma Railroad, LLC,            )
                                            )   Case No. **6:22-cv-01177-TC-RES**
    Defendant/Third-Party Plaintiff,       )
                                            )
v.                                          )
                                            )
McCord Tie and Timber, Inc.,                )
                                            )
    Third-Party Defendant.                 )

### THIRD PARTY DEFENDANT'S SECOND AMENDED AND/OR SUPPLEMENTAL ANSWERS & OBJECTIONS TO PLAINITFF'S FIRST SET OF INTERROGATORIES

COMES NOW Third-Party Defendant, by and through undersigned counsel, and pursuant to FRCP 33(b), responds to Plaintiff's First Set of Interrogatories as follows:

### INTERROGATORIES

12.    State in detail all facts supporting each and every affirmative defense asserted by Third-Party Defendant and identify all witnesses and documents that support each affirmative defense. State in detail the knowledge believed to be known by each witness.

**ANSWER: Third-Party Defendant objects to this interrogatory because (1) the question is overbroad and could seek information disclosed/discussed within the attorney client relationship, seeks information prepared in anticipation of litigation, and it seeks attorney work product information; (2) it seeks the disclosure of the mental impressions, conclusion, opinions, and/or legal theories of the defendant's attorney, (3) it seeks information that reflects the defendant's attorneys efforts of case investigation and case preparation, including one's pattern of investigation, assembling information and determining relevant facts, and (4) it generally exceeds the scope and purpose of FRCP 26 and 33.    Without waiving this objection, Third-Party Defendant has no such knowledge/information absent what it has learned from its attorneys or what was disclosed in the parties Rule 26 disclosures.**

**EXHIBIT 1**                                    **EXHIBIT C**

**SUPPLEMENTAL ANSWER**:  Subject to the aforesaid objection and answer, Third-Party Defendant relies upon the deposition testimony of Plaintiff, Plaintiff's expert witnesses, and/or Defendant KORR witnesses and any witness and/or document listed or disclosed in the parties Rule 26 disclosures, written discovery, document production, and/or depositions.

**SECOND SUPPLEMENTAL ANSWER**: Although a "contention" interrogatory may properly ask for the "principal or material facts" supporting, or which support an allegation, contention, or defense, *Kelly v. Morton Salt, Inc.*, No. 20-1352-TC, 2021 WL 1821819, at * 4, n. 31 (D.Kan. Mar. 1, 2021); *MNM Investments, LLC v. HDM, Inc.*, No. 18-1267-EFM-KGG, 2020 WL 1433482, at * 5 - * 6 (D.Kan. Mar. 4, 2020); *Abouelenein v. Kansas City Kansas Community College*, No. 18-2670-DDC, 2020 WL 1082574, at * 9, n. 73 (D.Kan. Mar. 6, 2020), Third-Party Defendant objects to this interrogatory because (1) "contention" interrogatories should *not* require the answering party to provide a narrative account of its case, *Abouelenein*, 2020 WL 1082574, at * 9, n. 73; *Williams v. UnitedHealth Group*, No. 2:18-CV-2096, 2020 WL 528604, at * 4, n. 28 (D.Kan. Feb. 3, 2020); *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2020 WL 248935, at * 2, n. 17 (D.Kan. Jan. 16, 2020); (2) "contention" interrogatories should <u>*not*</u> duplicate initial disclosures, *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12–2350–SAC, 2014 WL 806071, at * 13, n. 43 (D.Kan. Feb. 28, 2014); *Williams v. Sprint/United Management Co.*, 235 F.R.D. 494, 506, n. 16 (D.Kan. 2006); *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-405 (D.Kan. 1998); and (3) a court will generally find "contention" interrogatories that ask for "all facts", "any and all facts", "each and every fact", or "every fact" supporting identified allegations or defenses *overly broad* and *unduly burdensome* on their face. *Ensminger v. Credit Law Center, LLC*, No. 19-2147-JWL, 2020 WL 5513595, at * 3, n. 20 (D.Kan. Sep. 14, 2020); *Norwood v. United Parcel Service, Inc.*, No. 19-2496-DDC, 2020 WL 2615763, at * 3, n. 33 (D.Kan. May 22, 2020); *Smith v. TFI Family Services, Inc.*, No. 17-02235-JWB-GEB, 2019 WL 266234, at * 8 , n. 50 (D.Kan. Jan. 18, 2019). Accordingly, Third-Party Defendant will provide the "principal or material facts", as opposed to "all facts", supporting each and every affirmative defense asserted by Third-Party Defendant against the claims asserted by Defendant/Third-Party Plaintiff Kansas and Oklahoma Railroad, LLC ("KORR") against Third-Party Defendant.

<u>Assumption of Risk & Negligence</u>: Plaintiff acted negligently by undertaking tasks that were outside of his job responsibility and that he had been repeatedly told not to perform. Additionally, upon information and belief, Plaintiff has admitted noticing that the metal bands on the top bundle of ties had broken but nevertheless proceeded to loosen the straps, resulting in his injury. Moreover, as addressed by Steven Morgan, Luke Lohrmeyer, Terry Showalter, and Joe Patalano in their respective depositions, it was not the job of a conductor to loosen the metal tie-down cables that secured the ties to the flat car. Rather, it was the job of Trak-Time, the contractor hired to perform tie work, to unload, distribute, and install the ties. Plaintiff testified that no one from the railroad had ever told him, either on the date of his accident or previously, that it was his job to loosen the cables on a tie car. As testified to by Mr. Steege, Plaintiff had been told repeatedly by Mr. Patalano and Mr. Morgan that they were not to touch the loaded tie cars and were to await the arrival of Trak-Time. Mr. Lohrmeyer gave similar warnings to Plaintiff the day before his accident, and Mr. Steege reminded Plaintiff of the admonitions from Mr. Patalano and Mr. Morgan shortly before Plaintiff's accident. Furthermore, Plaintiff testified that he recalled seeing ties that had shifted on one of the tie cars but could not say for certain that it was the car or ties with

which he was working at the time of the accident. If Plaintiff did see shifted ties that he thought could pose a risk of injury, Plaintiff should have notified a supervisor of the issue, as Plaintiff testified he had done on prior occasions.

**Mitigation of Damages:** Even though there is no indication that he is disabled from all work, Plaintiff has made little to no effort to secure gainful employment either since his accident or after his termination by KORR in June 2022. Plaintiff appears to consider totally and permanently disabled from all gainful employment. Plaintiff is, therefore, seeking disability benefits through the Railroad Retirement Board, which presupposes an inability to engage in work and makes disability benefits unavailable for any month in which the party receives amounts exceeding the disability earnings limit/maximum established by the RRB. Plaintiff's self-perception of his disability is at odds with the physical restrictions or limits placed on Plaintiff by his doctor, Eva Henry. These restrictions, *i.e.*, lifting restrictions not to exceed 25 pounds frequently and 50 pounds occasionally, and a prohibition from working at unguarded heights, were based on the FCE report of Christopher Leighton, PT, DPT. Third-Party Defendant disputes the additional proposed restrictions recommended by Dr. Steven Lockman, who is not a treating physician, and, in his report, KORR's expert, Dr. Alan Weintraub, M.D., explains his disagreement with Dr. Lockman on this point. Given his residual work capacity, Plaintiff has the ability to find employment but has chosen not to do so. Finally, in its termination letter, KORR offered Plaintiff the services of a vocational rehabilitation counselor who could assist Plaintiff in finding alternative employment within his restrictions and abilities. However, Plaintiff declined to take advantage of this offer.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

  */s/ Kenneth J. Berra*
Kenneth J. Berra, KBN 13159
Eric C. Sexton, KBN 14392
Corporate Woods, Building 51
9393 W. 110th Street, Suite 300
Overland Park, KS  66210
(913) 339-6757 – Phone
(913) 660-7919 – Fax
kberra@fpsslaw.com
esexton@fpsslaw.com
***ATTORNEY FOR THIRD-PARTY DEFENDANT***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2023, I electronically filed the above and foregoing with

the Clerk of the Court, with service made to all parties and attorneys of record via the court electronic filing system.

/s/ Kenneth J. Berra
Kenneth J. Berra