UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN PFLUGHOEFT,

        Plaintiff,

        v.

KANSAS & OKLAHOMA RAILROAD,
L.L.C.,

        Defendant/Third-Party Plaintiff

        v.

MCCORD TIE & TIMBER, INC.,

        Third-Party Defendant.

Case No. 22-1177-TC-RES

## MEMORANDUM AND ORDER

On August 4, 2023, the Court convened a discovery conference at the request of Plaintiff Brian Pflughoeft regarding: (1) Plaintiff's request for "like reports of all earlier examinations of the same condition" pursuant to Fed. R. Civ. P. 35(b)(1) conducted by two doctors, which Plaintiff contended encompassed reports of individuals beyond just Plaintiff; and (2) Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition notices to Defendant Kansas & Oklahoma Railroad, L.L.C. ("KORR") and Third-Party Defendant McCord Tie & Timber, Inc. ("McCord") (collectively "Defendants"). *See* ECF Nos. 94-95.

Following the discovery conference and consistent with the discussion during the conference, the Court ordered Plaintiff to serve amended Rule 30(b)(6) deposition notices and for Defendants to serve amended objections to these notices. *See* ECF No. 101. Because Defendants continued to object to Plaintiff's amended Rule 30(b)(6) deposition notices, on August 11, 2023, Plaintiff filed a motion to compel. ECF No. 104. On August 16, 2023, Defendants filed their

separate responses.  ECF Nos. 106-07.  Plaintiff filed his reply on August 18, 2023.  ECF No. 109.

For the reasons explained below, the Motion is granted in part and denied in part.

## I.      BACKGROUND

### A.      Factual Allegations

Plaintiff brings this action pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* to recover damages for personal injuries that he suffered on August 28, 2019, while working as a conductor for KORR.  *See* ECF No. 1.  According to the complaint, on August 28, 2019, Plaintiff performed air brake inspections on locomotives that were loaded with stacks of ties that were bundled together with banding straps and secured to the railcars by cables.  *Id.* at 3. In addition to performing the inspections, Plaintiff released the cables so that maintenance crews could access the ties.  *Id.*  As Plaintiff released the cable on the fifth railcar, the ties that were supposed to be secured together by the banding straps fell from the car and struck Plaintiff.  *Id.* Plaintiff alleges that he suffered severe and permanent injuries as a result of being struck.  *Id.*

On August 10, 2022, Plaintiff filed his complaint against KORR.  *See* ECF No. 1.  Plaintiff believes that the ties fell unexpectedly because the banding straps were broken, defective, and improperly blocked.  *Id.* at 3.  Plaintiff also believes that the railcars' draft system was not properly maintained and adjusted, which caused the load to shift and become unstable.  *Id.*  Plaintiff asserts three causes of action under FELA for negligence, negligence per se, and strict liability/negligence per se for KORR's acts and omissions.  *Id.* at 3-5.

On November 9, 2022, KORR filed a third-party complaint against McCord.  ECF No. 23. According to the third-party complaint, KORR identified the railcar from which the ties fell that allegedly injured Plaintiff.  *Id.* at 2.  KORR purchased the ties from McCord pursuant to a purchase order.  *Id.* at 3.  The purchase order has an indemnification agreement that McCord will defend

and hold KORR harmless against all damages, claims, or liabilities and expenses arising from a defect in the ties purchased.  *Id.* at 4.  As the shipper of the ties that allegedly injured Plaintiff, KORR alleges that McCord was responsible for properly loading and securing the ties.  *Id.* Because Plaintiff alleges that the ties that caused his injuries were defective and loaded improperly, KORR alleges it is entitled to indemnity from McCord pursuant to the purchase order to the extent KORR is held liable to Plaintiff.  *Id.* at 5.  On December 6, 2022, McCord filed its answer to the third-party complaint.  ECF No. 25.

### B.     The Parties' Discovery Disputes Regarding Rule 35 Reports and Rule 30(b)(6) Deposition Notices

On July 28, 2023, Plaintiff sent an email with attachments to the Magistrate Judge's chambers requesting a discovery conference regarding two discovery disputes.  *First*, Plaintiff served KORR a Rule 35(b)(1) notice, which requested that KORR produce all reports created by Dr. Alan Weintraub and Dr. James Berry[1] in conjunction with Rule 35 testing or examinations performed on any other individual for the same conditions on which these doctors examined Plaintiff.  Plaintiff argued these reports must be produced by the plain language of Rule 35(b)(1), which states that the party who moved for a physical or mental examination must, on request, produce a copy of the examiner's report, "together with like reports of all earlier examinations of the same condition."  KORR objected to producing such reports because the request exceeds the scope of Rule 26, is not limited in time or scope, and Rule 35(b)(1) does not require KORR to produce all of Drs. Weintraub's and Berry's reports for all individuals other than Plaintiff.

*Second*, on April 19, 2023, Plaintiff served each Defendant with Rule 30(b)(6) deposition

---

[1]     Plaintiff previously sought and obtained an order regarding the scope of the Rule 35 examinations to be performed by Dr. Weintraub and Dr. Berry.  *See* ECF No. 50 (order granting in part and denying in part request for Rule 35 examinations of Plaintiff and related request to extend the deadline for Rule 35 examinations).

notices.  Both Defendants objected to the notices.  After meeting and conferring, Plaintiff served amended Rule 30(b)(6) notices.  Defendants again objected to the amended notices.

Plaintiff's amended Rule 30(b)(6) notices requested that: (1) KORR prepare a corporate representative to testify on three topics, requiring the witness to identify "all facts, witnesses, or documents" regarding contentions in KORR's answers to Plaintiff's first set of interrogatories; and (2) McCord prepare a corporate representative to testify on five topics, requiring the witness to identify "all facts, witnesses, or documents" regarding contentions in McCord's answer to KORR's third party complaint.

On July 28, 2023, the Court scheduled a discovery conference for August 4, 2023.  ECF Nos. 94-95.  In an email to the parties, the Court ordered that on or before August 2, 2023, the parties were required to meet and confer by video conference to discuss specific cited cases cited by the Court as part of their conversation.

On August 4, 2023, the Court held the discovery conference.  ECF No. 100.  As discussed during the conference and consistent with the guidance provided by the Court during that conference, the Court granted Plaintiff leave to serve amended Rule 30(b)(6) deposition notices on or before noon on August 8, 2023.  ECF No. 101 at 1.  The Court granted Plaintiff leave with the express expectation that the topics would be narrowed as discussed during the conference, with no new or expanded topics allowed.  *Id.*  The Court additionally addressed the parties' Rule 35(b)(1) dispute.  As the Court explained, it was disinclined to grant the relief Plaintiff sought regarding the Rule 35 reports because Plaintiff's position is inconsistent with the language in Rule 35 and the weight of caselaw on this issue.  On or before August 9, 2023, Defendants were ordered to serve any amended responses or objections to Plaintiff's amended Rule 30(b)(6) deposition notices.  *Id.*  No new objections were allowed.  *Id.*

If Defendants continued to object to the amended Rule 30(b)(6) deposition notices, then on or before August 11, 2023, Plaintiff was ordered to file a motion to compel and to include as exhibits only the most recent versions of the amended Rule 30(b)(6) deposition notices.  *Id.* at 2. To the extent Plaintiff wished to raise the Rule 35 issue with the Court, Plaintiff was instructed to address that issue in the same motion to compel.  Defendants' response briefs were due at or before 5:00 p.m. on August 16, 2023, with only their respective amended objections attached as exhibits. *Id.*  Plaintiff's reply brief was due on or before August 18, 2023.  *Id.*

**C.    Plaintiff's Amended Rule 30(b)(6) Deposition Notices**

Consistent with the Court's order following the discovery conference, on August 8, 2023, Plaintiff served amended Rule 30(b)(6) deposition notices to Defendants.  ECF No. 104-1; ECF No. 104-2.  The amended Rule 30(b)(6) deposition notice to KORR has three revised topics:

1.    Identify the principal and material facts, witnesses, or documents on which you base your contention in Defendant's Answer 16 of Defendant's Answers and Objections to Plaintiff's First Interrogatories that, "Plaintiff acted negligently by undertaking tasks that were outside of his job responsibility and that he had been repeatedly told not to perform, as described in detail above. Additionally, upon information and belief, Plaintiff has admitted noticing that the metal bands on the top bundle of ties had broken but nevertheless proceeded to loosen the straps, resulting in his injury."

2.    Identify the principal and material facts, witnesses, or documents on which you base your contention in Answer 16 of Defendant's Answers and Objections to Plaintiff's First Interrogatories that "Plaintiff has made little to no effort to secure gainful employment since his accident, even though there is no indication that he is disabled from all work."

3.    Identify the principal and material facts, witnesses, documents, or customs and practices on which you base your contentions in Answer 15 of Defendant's Answers and Objections to Plaintiff's First Interrogatories that Plaintiff allegedly violated GCOR Rule 1.6, GCOR Rule 1.33,

disregarded specific instructions and admonitions from his supervisor, undertook tasks outside his job duties that he had been expressly told not to do, failed inspect the cars in his train for any hazard that could cause an accident, and upon information and belief, loosened the straps or cables on the carload of ties after recognizing that a metal band securing the ties was loose or broken.

ECF No. 104-1.  The amended Rule 30(b)(6) deposition notice to McCord has five revised topics:

> 1.   Identify the principal and material facts, witnesses, or documents on which you base your contention in Paragraph 15 of Third-Party Defendant's Answer regarding the negligent actions of Plaintiff and/or Defendant/Third-Party Defendant which cause the injuries and damages to Plaintiff.

> 2.   Identify the principal and material facts, witnesses, or documents on which you base your contention in Paragraph 16 of Third-Party Defendant's Answer regarding the negligent actions of any "unknown person/entities whose identity will be disclosed through discovery."

> 3.   Identify the principal and material facts, witnesses, or documents on which you base your contention in Paragraph 17 of Third-Party Defendant's Answer that Plaintiff failed to reduce his damages.

> 4.   Identify the principal and material facts, witnesses, or documents on which you base your contention in Paragraph 18 of Third-Party Defendant's Answer concerning Plaintiff assuming the risk of his conduct.

> 5.   Identify the principal and material facts, witnesses, or documents on which you base your contention in Paragraph 21 of Third-Party Defendant's Answer that, "Third-Party Defendant incorporates by reference each and every defense/affirmative defense raised by the Defendant/Third-Party Plaintiff to Plaintiff's Complaint not inconsistent herewith."

ECF No. 104-2.  Despite Plaintiff's amendments to the Rule 30(b)(6) deposition notices, Defendants continued to object.  *See* ECF No. 106-1; ECF No. 107-1 at 1-4.

On August 11, 2023, Plaintiff timely filed his Motion to Compel.  ECF No. 104.[2]  Plaintiff argues that similar to contention interrogatories that seek information about the factual bases for legal claims, nothing in the Federal Rules of Civil Procedures prohibits Plaintiff from asking similar questions in a Rule 30(b)(6) deposition.  *Id.* at 3-6.  Plaintiff states that unlike an interrogatory, a Rule 30(b)(6) deposition allows him to ask follow-up questions.  *Id.* at 6.  Because Plaintiff's motion does not include any arguments or seek any relief related to the Rule 35 issue, the Court considers this issue moot.

On August 16, 2023, Defendants timely filed their responses to the Motion.  ECF Nos. 106-07.  Defendants argue that Plaintiff's Rule 30(b)(6) topics do not seek facts but rather seek to bind Defendants to certain legal theories, which is an improper line of questioning for a lay witness in the Rule 30(b)(6) context.  ECF No. 106 at 4-6; ECF No. 107 at 4-7.  Defendants argue that the Rule 30(b)(6) topics as amended would require their corporate representatives to also "explain the bases for [their] legal contentions," which would necessarily include information that is protected by the attorney-client privilege and/or work-product doctrine.  *Id.* at 5; *id.* at 3.  On August 18, 2023, Plaintiff filed his reply.  ECF No. 109.

This Motion is now before the Court.

## II.    ANALYSIS

### A.    Standards Applicable to a Rule 30(b)(6) Deposition Notice

The scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  A

---

[2]    For the reasons discussed during the August 4, 2023 discovery conference, the parties are in agreement that this dispute is timely pursuant to D. Kan. Rule 37.1(c) because of the parties' ongoing meet-and-confer discussions.  The parties expressly agreed at the discovery conference that this dispute should be resolved on its merits.

party moving to compel discovery bears the initial minimal burden to establish the relevance of the requested discovery.[3] *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2019 WL 4466903, at *2 (D. Kan. Sept. 18, 2019) ("Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992))); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to the 2015 amendment (making clear that the amendment adding the proportionality calculation does not alter the parties' responsibilities in raising a discovery dispute or supporting objections and that the burdens "remain as they have been since 1983.").  Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (finding the *Oppenheimer* standard still relevant after the 2015 amendments to Rule 26(b)(1)).

When the requested discovery appears relevant on its face or the discovering party has established relevance, the party objecting to the discovery bears the burden to support its objections.  *Beaty v. Kansas Athletics, Inc.*, No. CV 19-2137-KHV, 2020 WL 1862563, at *3 (D. Kan. Apr. 14, 2020); *Martin K. Eby Const. Co. v. OneBeacon Ins. Co.*, No. 08-1250-MLB-KGG, 2012 WL 1080801, at *3 (D. Kan. Mar. 29, 2012) ("Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party

---

[3]     KORR asks that the Court deny the Motion, but in the alternative, KORR states that the Court should enter a protective or an order pursuant to Rule 26(b)(2)(C).  KORR has not moved for a protective order, nor shown good cause for such an order.  Moreover, KORR asks for an order pursuant to Rule 26(b)(2)(C) but does not explain why or how any of the factors the Court would consider in that context are applicable here.

opposing the discovery request."); *Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 624 (D. Kan. 2014) (explaining that the party resisting discovery bears the burden to show why a discovery request is improper).  "The party resisting discovery does not satisfy this burden by asserting conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome or overly broad" but must instead show how "despite the broad and liberal construction afforded by the federal discovery rules, each discovery request is objectionable." *Beaty*, 2020 WL 1862563, at *3.

Rule 30(b)(6) governs the procedures for deposing a corporate party.  In a Rule 30(b)(6) deposition notice, the requesting party must "describe with reasonable particularity the matters for examination."  "In order for Rule 30(b)(6) to function effectively, 'the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.'" *Lipari v. U.S. Bancorp, N.A*, No. CIVA 07-2146-CM-DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (quoting *See McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008)).  This level of precision is required because Rule 30(b)(6) requires the corporate party's designated representative to testify on its behalf about "information known or reasonably available to the organization."  An overly broad 30(b)(6) notice creates "an impossible task" for the corporate party because it would be "unable to identify the outer limits of the areas of inquiry noticed . . . ." *Id.* at *5.

The scope of discovery for Rule 30(b)(6) depositions is the same as the scope of discovery under Rule 26(b).  *See Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2015 WL 3742929, at *6 (D. Kan. June 15, 2015) ("[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." (internal quotations and citation omitted)); *see also Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of New Mexico*, 273 F.R.D. 689, 692

(D.N.M. 2011) (stating that scope of discovery in a Rule 30(b)(6) deposition is governed by Rule 26(b)(1)). "'Control of discovery is entrusted to the sound discretion of the trial courts . . .'" *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) (quoting *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

### B.    Reasonable Particularity of Plaintiff's 30(b)(6) Deposition Topics

Plaintiff, as the drafter of the Rule 30(b)(6) topics, has the initial burden of describing "with reasonable particularity the matters for examination." The Court has reviewed each and every topic and finds that Plaintiff has met this initial burden with one exception.

Topic 5 to McCord requests McCord's corporate representative to: "Identify the principal and material facts, witnesses, or documents on which you base your contention in Paragraph 21 of Third-Party Defendant's Answer that, 'Third-Party Defendant incorporates by reference each and every defense/affirmative defense raised by the Defendant/Third-Party Plaintiff to Plaintiff's Complaint not inconsistent herewith.'" ECF No. 104-2 at 2.

The Court finds that this Topic, on its face, lacks the precision and particularity required for a Rule 30(b)(6) topic. Initially, the Court raises whether McCord's attempt to incorporate by reference unspecified defenses actually means that it asserted those defenses pursuant to Rule 10(c).[4] If McCord intended this to be a reservation of rights to at some unspecified day in the

---

[4]    This discovery dispute underscores that incorporating by reference creates unnecessary confusion and burdens Plaintiff, who is left attempting to ascertain what specific defenses McCord asserts. *See, e.g., Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, No. 12-1008-JTM-GLR, 2012 WL 2872226, at *2 (D. Kan. July 12, 2012) ("the practice of incorporating or adopting by reference statements from a pleading to be amended usually creates unnecessary confusion and burdens the Court and the other parties with trying to piece together claims or defenses from separate pleadings. The better practice is to file an amended pleading that is complete standing alone without reference to or adoption of prior filings.").

future specifically assert additional defenses, it may be even less effective.[5]

But assuming incorporation by reference is effective, on its face, this Topic is impermissibly imprecise. It would appear to require McCord to prepare a corporate representative on an unspecified number of defenses, as opposed to identifying specific defenses on which Plaintiff has questions. *See McBride*, 250 F.R.D. at 584 ("An overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task" and "[i]f the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."). While the Court understands that Plaintiff may be frustrated about the ambiguity of what defenses McCord is actually asserting, Plaintiff could and should have revised this Topic with painstaking specificity. If Plaintiff's intention was to determine which, if any, of the incorporated defenses are actually asserted by McCord, Plaintiff could have turned Topic 5 into an interrogatory as a way to narrow down which of KORR's defenses/affirmative defenses McCord actually intends to assert, which would have allowed for a more tailored Rule 30(b)(6) topic. As drafted, the Topic lacks the particularity required and the Court therefore denies the Motion regarding Topic 5. *See Lipari*, 2008 WL 4642618, at *3 (Rule 30(b)(6) topic that asked the defendant to produce a witness who could testify regarding the conduct of its employees, agents, and its subsidiaries' employees, which encompassed all 263 paragraphs of the plaintiff's complaint, violated mandate that topic be reasonably particularized).

---

[5]   "A reservation of unpled defenses is not a defense of any kind, much less an affirmative one." *Lane v. Page*, 272 F.R.D. 581, 601 (D.N.M. 2011) (internal quotations and citations omitted). The deadline to amend pleadings was February 3, 2023, ECF No. 28 at 2, and McCord did not file an amended answer by that deadline.

### C. Relevance of Plaintiff's 30(b)(6) Deposition Topics

Neither Defendant objects to the relevancy of Plaintiff's amended Rule 30(b)(6) deposition notices, which again seek information related to specific defenses raised by Defendants in their answers to interrogatories and the third-party complaint.  Regardless, the Court has reviewed each topic and each topic appears relevant on its face because the topics pertain to the facts that support Defendants' defenses to the complaint and third-party complaint.  *See Erickson v. City of Lakewood*, No. 119CV02613PABNYW, 2021 WL 4947231, at *5 (D. Colo. Sept. 23, 2021) (collecting cases supporting the proposition that the factual information concerning a defendant's rebuttal to a plaintiff's allegations of facts of a case are "undoubtedly" relevant).  Because these requests are relevant on their face, Defendants bear the burden to support their objections.

### D. 30(b)(6) Deposition Topics that Inquire into Legal Claims and Defenses

The parties' primary dispute is whether Plaintiff's Rule 30(b)(6) deposition topics are improper because they seek information regarding the defenses and denials raised in KORR's answers to Plaintiff's interrogatories and McCord's answers to KORR's third-party complaint. Defendants state that this line of questioning is improper for a Rule 30(b)(6) corporate representative and spend a majority of their briefing citing to decisions holding the same.  *See* ECF No. 106 at 4-6; ECF No. 107 at 3-7.  Specifically, Defendants argue that other courts have held a party cannot question a Rule 30(b)(6) corporate representative about the facts underlying legal claims because: it would necessarily implicate privilege and work-product issues; there are other, more efficient discovery tools a party can use to discover such facts; and corporate representatives are lay witnesses that are not equipped to know all facts that a party ultimately may advance to support a legal claim.  *Id.*

Plaintiff argues that asking Defendants about the factual bases for their contentions are

appropriate topics for a Rule 30(b)(6) deposition, just as contention interrogatories are readily used to obtain some of the same information.  ECF No. 104 at 4 (collecting cases to support proposition).  Plaintiff additionally argues that Defendants have not shown that deposing Defendants' corporate representative on these topics would cause them undue hardship, and that he should be permitted ask Defendants' corporate representatives follow-up questions about the facts that support their defenses.  *Id.* at 6-7.

On the face of Rule 30(b)(6), there is no prohibition about asking a corporate representative about the facts underlying a claim or defense.  *See* Fed. R. Civ. P.  30(b)(6) (requiring that a 30(b)(6) designee "must testify about information known or reasonably available to the organization.").  Rule 26(b)(1) states that "[u]nless otherwise limited by court order . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."  As discussed below, however, there is a split of authority on whether this type of testimony is allowed.

### 1.    Split of Authority on Whether Contention 30(b)(6) Deposition Topics Are Allowed

Defendant KORR argues that Plaintiff's contention topics are "contrary to settled authority," ECF No. 106 at 2, but does not cite to any Tenth Circuit authority supporting this assertion.  To its credit, McCord candidly acknowledges that "federal district courts are divided in their approaches to 'contention' 30(b)(6) topics" and that it has "found ***no*** 10th Circuit case which directly addresses the use of 'contention' topics for a 30(b)(6) deposition." ECF No. 107 at 3 (emphasis original), 6.  McCord then cites to cases in the District of Kansas that have addressed this issue.  ECF No. 107 at 3-4.

The Court similarly has found no Tenth Circuit decision on this issue and recognizes that there is a split across the country as to whether parties are allowed to use Rule 30(b)(6) depositions

to inquire about legal claims and defenses.  Some courts have taken the approach that such contention questions posed in a Rule 30(b)(6) deposition are really requesting a party's "mental impressions, conclusions, opinions, and legal theory," which constitute work product and are protected from discovery under Rule 26(b)(3).[6]  In these cases, courts have denied motions to compel corporate testimony about "all facts, data, documents, or any other evidence that supports each affirmative defense" because the plaintiffs are "seeking to conduct a Rule 30(b)(6) deposition to bind Defendant regarding its factual contentions and legal positions regarding its asserted affirmative defenses."  *Puskarich BNSF Co. BNSF Co. v. Graham-white Mfg. Co.*, No. 19-CV-150-F, 2022 WL 611276, at *6 (D. Wyo. Feb. 22, 2022).

Other courts have permitted these same deposition topics "so long as they are expressly limited to seeking facts, rather than attorney impressions or legal theories."  *Erickson*, 2021 WL 4947231, at *4 (collecting cases).  In these cases, courts have found that the attorney-client privilege does not preclude inquiry into the factual bases of a legal contention or affirmative defense because such a topic does not "seek communications between client and lawyer but is instead seeking the 'factual bases supporting the allegations in'" defenses or cross claims.  *Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *4 (S.D. Ohio Apr. 13, 2006) (explaining that the attorney client privilege attaches to the communication itself, not the facts communicated); *Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 279 (D. Neb. 1989) (attorney-client privilege was not a valid basis for Rule 30(b)(6) representative to refuse to testify

---

[6]        *See, e.g., JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002); *Fox v. Amazon.com, Inc.*, No. 3:16-CV-3013, 2017 WL 9476870, at *5 (M.D. Tenn. Sept. 21, 2017) (striking topic from Rule 30(b)(6) deposition notice that sought "all facts, information, or evidence" that the defendant based its denials in specific paragraphs of its answer to the amended complaint because "the decision to admit or deny the allegations in the complaint is a decision made by counsel" and "[t]hat decision by counsel is privileged.").

about facts underlying response to allegations and the defendant's corporate representative "must recite the facts upon which [the defendant] relied to support the allegations of its answer and counterclaim which are not purely legal, even though those facts may have been provided" to counsel).

These courts also have found that the work-product doctrine is not implicated because "[c]ontention interrogatories often ask for a recitation of the facts on which a claim, defense, allegation, or denial is based" and "[t]he same analysis applies to a Rule 30(b)(6) deposition topic seeking the identification of facts." *Dennis v. United States*, No. 3:16-CV-3148-G-BN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017); *see Malibu Consulting Corp. v. Funair Corp.*, No. SA-06-CA-0735 XR, 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007) ("I agree with the line of cases which holds that a Rule 30(b)(6) deposition which seeks information concerning the factual support for allegations found in the complaint, which would be discoverable through contention interrogatories, is outside the protection of the work-product doctrine and is permissible.").

Within this District, the view regarding the appropriateness of these types of 30(b)(6) topics has evolved. In 1996, Judge O'Connor held that a Rule 30(b)(6) notice requiring a corporate representative to testify about facts supporting a defendant's denials and affirmative defenses was "overbroad, inefficient, and unreasonable" and raised "serious privilege concerns." *In re Independent Services Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996). Although Judge O'Connor stated that the plaintiff had "a right to discover the facts upon which [the defendant] will rely for its defense and counterclaims," "[e]ven under the present-day liberal discovery rules, [the defendant] is not required to have counsel 'marshal all of its factual proof' and prepare a witness to be able to testify on a given defense or counterclaim." *Id.*

More recently, judges in this District have allowed corporate representative testimony on

these types of topics.  In 2013, Judge Sebelius held that a party may ask a corporate representative about the "factual basis for [the party's] contentions and theories."  *S.E.C. v. Kovzan*, No. 11-2017-JWL, 2013 WL 653611, at *3 (D. Kan. Feb. 21, 2013).  In *Funk v. Pinnacle Health Facilities XXXII, LP*, Judge Gale noted that although "questions regarding a party's legal contentions at a Rule 30(b)(6) deposition *do* differ from contention interrogatories," he reconsidered his prior ruling to clarify that the "[p]laintiffs [were] entitled to question the 30(b)(6) deponent as to [the] [d]efendant's factual contentions."  No. 17-1099-JTM-KGG, 2019 WL 858718, at *3 (D. Kan. Feb. 22, 2019) (emphasis original).

### 2.    The Court's Analysis Regarding Contention 30(b)(6) Topics

The Court has reviewed the relevant Federal Rules, the relevant caselaw and the parties' respective arguments on this issue.  The Court finds that a party may use a Rule 30(b)(6) deposition to ask a corporate representative about the facts underlying a corporate party's legal claims or defenses, subject to the same limitations as all other discovery.  If the Federal Rules intended to absolutely prohibit these types of topics, the Rules would say so, and they do not.

No party argues that the topics advanced by Plaintiff cannot constitute contention interrogatories, which are readily allowed in this District and elsewhere.  *See Smith v. TFI Fam. Servs., Inc.*, No. 17-02235-JWB-GEB, 2019 WL 266234, at *2 (D. Kan. Jan. 18, 2019) ("Contention interrogatories are expressly permitted by Rule 33(a) . . ."); *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) (same); *see also Radian*, 273 F.R.D. at 692 (holding that the court "sees no great problem with allowing overlap between the sorts of information obtained through contention interrogatories and 30(b)(6) depositions.").  The Court is unpersuaded that a party can ask for relevant information via one discovery tool, but that a deposition cannot

involve the exact same questions or allow a party to ask follow-up questions regarding a contention

interrogatory. As the *Radian* court persuasively reasoned:

> The [c]ourt believes that the better rule is to allow parties to craft
> rule 30(b)(6) inquiries similar to contention interrogatories, because
> this rule will ultimately lead to fewer disputes about what subject
> matter is permitted in 30(b)(6) depositions and advances the policy
> underling the rules favoring disclosure of information. . . .
> Moreover, rule 30(b)(6)'s plain language does not limit the
> deposition as the [defendant] states.

273 F.R.D. at 691-92.

Because there is no language in Rule 30(b)(6) that limits a party from asking a corporate

party about the facts underlying their legal claims or theories, the topics in a Rule 30(b)(6) notice

are governed by the same discovery rules as if a party were seeking this factual information from,

for example, a Rule 33 interrogatory.[7]

The Court is unpersuaded also that allowing a party to ask any factual questions regarding

legal claims automatically and necessarily invades either the attorney-client privilege or the work-

product doctrine.[8] The attorney-client privilege protects "confidential communications by a client

---

[7]     *See Erickson*, 2021 WL 4947231, at *5 ("The court cannot conclude that questions
permitted in other forms of discovery would be *per se* improper if raised during a deposition.")
(citing *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("As
courts have held contention interrogatories seeking the factual bases for allegations would not
encroach on protected information, . . . it is not apparent how the same information would be
otherwise unavailable through questions posed to a deponent in the course of a deposition.")
(internal citation omitted))); *Dennis*, 2017 WL 4778708, at *9 (explaining there is no distinction
between a contention interrogatory seeking the facts that support a claim or defense and a Rule
30(b)(6) topic "seeking the identification of facts.").

[8]     To be clear, nothing in this Order prevents Defendants from raising objections
during the Rule 30(b)(6) depositions if Plaintiff asks the corporate representatives questions "to
which a response would require legal analysis or the disclosure of otherwise privileged
information." *United States v. Holland*, No. 13-CV-10082, 2017 WL 1354178, at *5 (E.D. Mich.
Apr. 13, 2017); *see also Radian*, 273 F.R.D. at 692 ("Moreover, the 30(b)(6) representative will
have counsel present to protect privileged matters."). This is no different than how objections are
raised in any other type of deposition. *See generally* District's Deposition Guidelines at § 5.

to an attorney made in order to obtain legal assistance from the attorney in [their] capacity as a legal advisor." *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotations and citations omitted).  But the attorney-client privilege does not protect the underlying facts.  As explained by the Supreme Court in *Upjohn Co. v. United States*,

> [T]he protection of the privilege extends only to *communications* and not to facts.  A fact is one thing and a communication concerning that fact is an entirely different thing.  The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within [their] knowledge merely because [they] incorporated a statement of such fact into [their] communication to [their] attorney.

449 U.S. 383, 395-96 (1981) (quoting *City of Philadelphia, Pa. v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962) (emphasis original))).

The work-product doctrine prevents the disclosure of "information that was prepared by [an] attorney in anticipation of litigation or for trial."  *In re Grand Jury Proceedings*, 616 F.3d at 1184.  The work-product doctrine "does not protect facts concerning the creation of work product or facts contained within work product."  *Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 627 (N.D. Okla. 2009) ("the Restatement expressly excepts 'underlying facts' from work product protection. 'Work product consists of tangible material or its intangible equivalent in unwritten or oral form, *other than underlying facts* . . . .'" (quoting Restatement (Third) of the Law Governing Lawyers § 87 (2000) (emphasis added))).

The Court does not find that a Rule 30(b)(6) deposition topic seeking factual information regarding a claim or defense automatically and in all cases invades those privileges.  Again, courts that have reviewed similar objections to contention 30(b)(6) topics have rejected these types of

arguments on the same grounds.[9]  Again, as Judge Sebelius stated:

> Courts have generally declined to uphold privilege or work-product objections to Rule 30(b)(6) deposition notices unless the deposition topics, on their face, call for testimony that would be protected from disclosure.  The first two categories of topics—the factual basis for the SEC's contentions and theories in this case and the SEC's actions in discovery—do not, on their face, implicate the attorney-client privilege or the work-product doctrine.  These topics indicate that [the defendant] is seeking the facts that support the theories and information about how the SEC has gone about identifying responsive information in discovery.  The SEC even suggests that many of these topics would be more appropriately discovered through interrogatories.   But the fact that discovery is sought through another vehicle—in this case a Rule 30(b)(6) deposition—does not transform discoverable material into protected material.

*S.E.C.*, 2013 WL 653611, at *3.

KORR cites to the Tenth Circuit's holding in *Vehicle Market Research, Inc. v. Mitchell International, Inc.,* 839 F.3d 1251 (10th Cir. 2016), to argue about the impact any such corporate representative testimony will have at summary judgment and trial.  *See* ECF No. 106 at 3; *see also* ECF No. 107 at 4 n.6 (McCord does not expressly raise the same argument as KORR but cites to the case as the authority in the Tenth Circuit for whether Rule 30(b)(6) testimony qualifies as a judicial admission or an evidentiary admission).  How Defendants' 30(b)(6) testimony will be

---

[9]        *See, e.g., McIntyre v. Unified Gov't of Wyandotte Cnty. & Kansas City, KS*, No. 18-2545-KHV-KGG, 2021 WL 5918917, at *5 (D. Kan. Dec. 15, 2021) (the court overruled the plaintiffs' attorney-client privilege and work-product doctrine objections to contention interrogatories because "[i]t is well established that facts do not become privileged merely by their inclusion in attorney-client communication."  The court overruled these objections "to the extent the information sought is factual in nature."); *Stout v. Long*, No. CV 15-379 WPJ, 2018 WL 1322052, at *7 (W.D. Okla. Mar. 14, 2018) (explaining that certain contention interrogatories did not seek information protected by the work-product doctrine because the individual defendant sought "the material facts" that the plaintiffs relied upon in support of their claim); *Lee v. Metro. Gov't of Nashville/Davidson Cnty.*, No. 3-06-0108, 2008 WL 687516, at *4 (M.D. Tenn. Mar. 11, 2008) (holding that the defendant's contention interrogatories did not seek privileged information or attorney work product because it sought "to clarify the plaintiffs' contentions as to specific defendants and for the plaintiffs to provide the facts that support those contentions.").

treated at summary judgment or at trial is a decision to be made by the District Judge if or when such arguments are raised, and that treatment does not impact whether such testimony can be sought during discovery.   Nothing in *Vehicle Market Research* prohibits Rule 30(b)(6) topics seeking testimony on contentions.

Like all discovery requests, however, Rule 30(b)(6) deposition topics have appropriate bounds.   While courts have found that a lay witness may testify about the facts underlying a legal conclusion,[10] it may be "improper to directly question a lay witness regarding a party's legal contentions."   *Funk*, 2019 WL 858718, at *3.   The Court also acknowledges that when a Rule 30(b)(6) notice is "so broad that it encompasses the organizational structure and contents of the lawyer's trial notebook and his or her opening and closing statements" there is a potential to disclose privileged information or attorney work product.   *See Atwood v. Union Pac. R.R. Co.*, No. 8:21CV394, 2022 WL 17585893, at *9 (D. Neb. Dec. 12, 2022).

The Court specifically overrules Defendants' objections to the extent they are based on a per se prohibition of Rule 30(b)(6) contention topics.   The Court next addresses whether any individual topic nonetheless impermissibly on its face seeks only a legal conclusion.   Although the parties failed to do so, the Court reviews these topics individually, which is consistent with how

---

[10]         *See, e.g., Hobbs v. USAA Gen. Indem. Co.*, No. 3:20-CV-00262-MAB, 2022 WL 2528239, at *8 (S.D. Ill. July 7, 2022) (the plaintiff's deposition topic sought "pure facts" "rather than a legal conclusion" which "a lay person can surely testify to . . . without interpreting any underlying legal concept."); *Quarrie v. Wells*, No. CV 17-350 MV/GBW, 2020 WL 5329886, at *4 (D.N.M. Sept. 4, 2020) ("inquiries into the facts underlying a party's legal opinions and theories may be permitted."); *Cardinal Aluminum Co. v. Cont'l Cas. Co.*, No. 3:14-CV-857-TBR-LLK, 2015 WL 4068405, at *4 (W.D. Ky. July 2, 2015) (the plaintiff was allowed to inquire as to the facts that encompassed legal conclusions in deposition topics but had to refrain from asking the defendant's corporate representative, "a lay witness, to draw legal conclusions.").

courts analyze contention interrogatories.[11]

E.     30(b)(6) Topics for KORR

Plaintiff has issued three 30(b)(6) topics to KORR.  The Court addresses each topic below.

1.     Topic 1

Topic 1 requests KORR's corporate representative to "[i]dentify the principal and material facts, witnesses, or documents" on which KORR bases its contention that "Plaintiff acted negligently by undertaking tasks that were outside of his job responsibility and that he had been repeatedly told not to perform, as described in detail above.  Additionally, upon information and belief, Plaintiff has admitted noticing that the metal bands on the top bundle of ties had broken but nevertheless proceeded to loosen the straps, resulting in his injury."  ECF No. 104-1 at 2.

The majority of Topic 1 refers to factual circumstances.  Specifically, Topic 1 asks KORR's corporate representative to testify about information and facts regarding Plaintiff performing jobs outside of his job responsibilities that he was repeatedly told not to perform and when he noticed that metal bands on the top bundle of ties were broken.  The Court grants the Motion with respect to Topic 1, and Plaintiff is permitted to ask questions about Topic 1.

To the extent Plaintiff asks questions seeking legal conclusions about negligence, Defendants can raise appropriate objections at the deposition.  *See S.E.C.*, 2013 WL 653611, at *3 (declining to grant a motion to quash certain topics because it "would be speculative to prohibit

---

[11]      *See, e.g., EC Source Servs. v. Burndy LLC*, No. 2:16-CV-122 JNP, 2018 WL 3625330, at *2 (D. Utah July 30, 2018) (contention interrogatories "need to be examined by a court and then modified if necessary."); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (stating that "[c]ourts have considerable discretion in determining when contention interrogatories must be answered" and then examining whether the plaintiff had to answer the defendants' interrogatories individually); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (rejecting contention interrogatories that asked for "every fact and every application of law to fact" but allowing interrogatories that set forth "the material or principal facts").

the deposition" on the basis that "certain questions could conceivably call for information protected by the [] privilege. . . .  The SEC is free to raise privilege and work-product objections to specific questions during the deposition.  Counsel may then explore background facts concerning the objection, and the deponent can substantiate the objection.").  The Court will not strike this Topic based on speculation that Plaintiff will ask improper questions.

### 2.      Topic 2

Topic 2 requests KORR's corporate representative to "[i]dentify the principal and material facts, witnesses, or documents" on which KORR bases its contention that "Plaintiff has made little to no effort to secure gainful employment since his accident, even though there is no indication that he is disabled from all work."  ECF No. 104-1 at 2.  Topic 2 refers to specific factual circumstances (i.e., Plaintiff's efforts to secure gainful employment after the accident at issue in this case).  The Court therefore grants the Motion with respect to Topic 2, and Plaintiff is permitted to ask questions about Topic 2.

### 3.      Topic 3

Topic 3 requests KORR's corporate representative to "[i]dentify the principal and material facts, witnesses, documents, or customs and practices" on which KORR bases its contentions that:

> Plaintiff allegedly violated GCOR Rule 1.6, GCOR Rule 1.33, disregarded specific instructions and admonitions from his supervisor, undertook tasks outside his job duties that he had been expressly told not to do, failed inspect the cars in his train for any hazard that could cause an accident, and upon information and belief, loosened the straps or cables on the carload of ties after recognizing that a metal band securing the ties was loose or broken.

*Id.*

The majority of Topic 3 refers to specific factual circumstances.  KORR's corporate representative can testify about why the representative believes Plaintiff disregarded his

supervisor's instructions and admonitions, how he performed tasks outside of his job duties despite being told not to perform such tasks, how he failed to inspect the cars in his train for any hazard that could cause an accident, and how he loosened the straps or cables on the carload of ties after he recognized that the metal band securing these ties was loose or broken. The Court therefore grants the Motion with respect to Topic 3, and Plaintiff is permitted to ask questions about this Topic. Again, to the extent that Plaintiff improperly seeks privileged information during the deposition, Defendants can appropriately object to such questions during the deposition.

### F.     30(b)(6) Topics for McCord

Plaintiff has issued five 30(b)(6) topics to McCord. The Court already addressed Topic 5, which fails on its face to describe with reasonable particularity the matters for examination. The Court addresses the remaining four topics below.

#### 1.     Topic 1

Topic 1 requests McCord's corporate representative to: "Identify the principal and material facts, witnesses, or documents on which you base your contention in Paragraph 15 of Third-Party Defendant's Answer regarding the negligent actions of Plaintiff and/or Defendant/Third-Party Defendant which cause the injuries and damages to Plaintiff." ECF No. 104-2 at 2. The wording of this Topic makes it difficult to understand.

Unlike many of Plaintiff's other topics, this Topic does not identify any specific facts in the face of the request and McCord's Paragraph 15 in the answer similarly is without any references to facts. *See* ECF No. 25 at 3. While the Court cautions Plaintiff that there may be few questions related to this Topic that do not invite privilege objections, the Court will not speculate that no such questions exist, particularly in the absence of any such argument by Defendants. The Court grants the Motion with respect to Topic 1.

### 2. Topic 2

Topic 2 requests McCord's corporate representative to "[i]dentify the principal and material facts, witnesses, or documents" on which McCord bases its contention in Paragraph 16 of its answer "regarding the negligent actions of any 'unknown person/entities whose identity will be disclosed through discovery.'" ECF No. 104-2 at 2.

In essence, this Topic asks McCord's corporate representative to identify facts about its comparative fault designation. On February 3, 2023, McCord filed its comparative fault identification, which designated Plaintiff, KORR, and "other persons identified during discovery" as individuals and/or entities whose fault should be compared at time of trial. On June 6, 2023, McCord filed its first amended comparative fault identification, which removed the reference to other unidentified persons. ECF No. 57.

If Topic 2 originally sought to identify those unspecified persons, McCord's amended comparative fault identification may have eliminated that ambiguity. But neither side directly addressed the impact of the amended fault identification. In light of Defendants' failure to directly address this issue, the Court will not conclude that there are no factual issues on which Plaintiff can inquire related to this Topic. The Court therefore grants the Motion with respect to Topic 2.

### 3. Topic 3

Topic 3 requests McCord's corporate representative to "[i]dentify the principal and material facts, witnesses, or documents on which [McCord] base [its] contention" in Paragraph 17 of its answer that "Plaintiff failed to reduce his damages." ECF No. 104-2 at 2. Similar to Topic 2 for KORR, Topic 3 asks McCord's corporate representative about facts concerning Plaintiff's failure to reduce his damages, which likely would involve questions about what efforts he has made to obtain alternative employment. The Court therefore grants the Motion with respect to

Topic 3 and Plaintiff is permitted to ask questions about Topic 3.

### 4. Topic 4

Topic 4 requests McCord's corporate representative to "[i]dentify the principal and material facts, witnesses, or documents" on which McCord bases its contention in Paragraph 18 of its answer "concerning Plaintiff assuming the risk of his conduct." *Id.*

Again, Topic 4 does not point to any specific facts about how Plaintiff may have assumed the risk of his conduct. Similar to Topic 1, the Court cautions that there may be few questions related to this Topic that do not invite privilege objections. But again, the Court will not speculate that no such questions exist, particularly in the absence of any such argument by Defendants. The Court therefore grants the Motion with respect to Topic 4.

### G. Defendants' Remaining Objections

Finally, Defendants object that the amended Rule 30(b)(6) deposition topics generally are duplicative, overbroad, unduly burdensome, and not proportional to the needs of the case. ECF Nos. 106 at 6-7, 107 at 3. Defendants discuss these objections globally without tying each objection to a specific, revised Rule 30(b)(6) deposition topic. It is unclear from Defendants' briefing if these are independent objections on which each Defendant continues to rely with regard to each topic, or whether these are merely additional reasons some courts have disallowed Rule 30(b)(6) deposition testimony into contention topics. *See, e.g.,* ECF No. 106 at 4 (grouping inefficient and burdensome objection with holding in *In re Independent Services Organizations Antitrust Litigation*, 168 F.R.D. at 654). "While the court appreciates efforts to streamline discovery motions, it is often more helpful for an objecting party to address each discovery request and objection individually because it calls for a more precise argument showing how the discovery request is objectionable." *N.U. v. Wal-Mart Stores, Inc.*, No. 15-4885-KHV, 2016 WL 3654759,

at *2 (D. Kan. July 8, 2016).  Assuming that these are stand-alone objections, Defendants have failed to meet their burden to support any of these objections.

*First,* Defendants wholly fail to support their proportionality argument because they fail to address any of the factors set out in Rule 26(b)(1) that courts typically consider in determining whether discovery is proportional to the needs of a case.[12]  "The party resisting discovery on proportionality grounds still bears the burden to support its objections."  *Ad Astra*, 2019 WL 4466903, at *4 (discussing how 2015 amendment restoring the proportionality calculation to Rule 26 (b)(1) did not change responsibilities of the court and parties).  As such, the Court overrules any proportionality objection Defendants may be raising because they bear the burden to address the proportionality considerations and failed to meet that burden.

*Second*, Defendants fail to meet their burden of providing facts that show any individual topic would be unduly burdensome.  "If a party or deponent believes that a Rule 30(b)(6) topic is irrelevant or overly broad, the party/deponent has the burden to provide 'particular and specific facts' that show how providing testimony on that particular topic would be unduly burdensome, unduly expensive, embarrassing, oppressive, or annoying."  *Cohen-Esrey Real Est. Servs., Inc. v. Twin City Fire Ins. Co.*, No. CIVA 08-2527-KHV-DJW, 2009 WL 4571845, at *1 (D. Kan. Dec. 3, 2009) (quoting *P.S. v. Farm, Inc.*, No. 07-CV-2210-JWL, 2009 WL 483236, at *3, 5 (D. Kan. Feb. 24, 2009)).  The Court finds that Defendants have not made this required showing.

Defendants may have had success with their burdensome objections with the original Rule 30(b)(6) deposition topics, which sought "all" facts, documents, and witnesses.  But after the

---

[12]      *See VoteAmerica v. Schwab*, No. 21-2253-KHV-GEB, 2022 WL 1801059, at *3 (D. Kan. June 2, 2022) ("1) the importance of the issues at stake in the action; 2) the amount in controversy; 3) the parties' relative access to relevant information; 4) the parties' resources; 5) the importance of the discovery in resolving the issues; and 6) whether the burden or expense of the proposed discovery outweighs its likely benefit.").

discovery conference with the Court, Plaintiff amended his Topics and now seeks only the "principal and material facts, witnesses and documents" on which Defendants base their contentions.  This limitation is consistent with how courts in this District have limited contention interrogatories, and the Court finds these limitations appropriate here.[13]

While Plaintiff requested similar information in its contention interrogatories, this alone "does not demonstrate that the deposition would result in an undue burden."  *S.E.C.*, 2013 WL 653611, at *4.  Moreover, "'[t]he need to adequately prepare a Rule 30(b)(6) designee does not, on its own, create undue burden for [Defendant].'"  *Erickson*, 2021 WL 4947231, at *4 (quoting *Ellis v. Corizon, Inc.*, No. 1:15-CV-00304-BLW, 2018 WL 1865158, at *5 (D. Idaho Apr. 18, 2018)); *see also Radian*, 273 F.R.D. at 692 ("While counsel will have to carefully prepare the 30(b)(6) representative, counsel must always do so.").

*Third*, the Court does not find that these topics, individually or collectively, are unreasonably cumulative or duplicative.  KORR argues that Plaintiff's Rule 30(b)(6) topics request "exactly the same information that Plaintiff requested" in previous interrogatories.  ECF No. 106 at 6-7.  But "[i]t is not uncommon for counsel to question deponents about documents produced through discovery," which is effectively what Plaintiff seeks to do here.  *S.E.C.*, 2013 WL 653611, at *4.  To this point,

> [b]y its very nature, the discovery process entails asking witnesses

---

[13]    *See, e.g., Abouelenein v. Kansas City Kan. Cmty. Coll.*, No. 18-2670-DDC, 2020 WL 1082574, at *9 (D. Kan. Mar. 6, 2020) ("Interrogatories, even those that ask for 'each and every' fact, are not unduly burdensome or overly broad if they are narrow in scope and do not seek every conceivable detail and fact concerning the entire case."); *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. CIV.A. 10-2558-KHV-D, 2012 WL 3292850, at *15 (D. Kan. Aug. 13, 2012) ("Rather than excuse [the] [d]efendants from answering Interrogatory No. 17, the [c]ourt will modify the interrogatory so that it complies with the general rule of this District as set out in *Allianz*."); *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. CIV.A.03-2470-CM-DJW, 2005 WL 44534, at *8 (D. Kan. Jan. 7, 2005) ("Interrogatories may, however, properly ask for the 'principal or material' facts that support an allegation or defense." (citation omitted)).

> questions about matters that have been the subject of other discovery. There are, of course, only a finite number of pertinent events in any lawsuit, and how they occurred is a topic that may be pursued by all forms of discovery, even though the information provided by one form of discovery repeats and duplicates information yielded by another. Thus, the fact that information has been provided to [a] plaintiff concerning a particular category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition.

*White v. Union Pac. R. Co.*, No. 09-1407-EFM-KGG, 2011 WL 721550, at *4 (D. Kan. Feb. 22, 2011), *clarified on denial of reconsideration sub nom. White v. Union Pac. R.R. Co.*, No. 09-1407-EFM-KGG, 2011 WL 1361589 (D. Kan. Apr. 11, 2011) (quoting *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005)).[14] Even assuming the interrogatories and 30(b)(6) topics overlap, the deposition testimony will allow Plaintiff to clarify or otherwise probe Defendants' interrogatory responses, which is not necessarily duplicative.

Outside of simply saying that they have answered interrogatories that request the same information as Plaintiff's Rule 30(b)(6) topics, KORR provides no other facts to show that allowing these topics would be unreasonably cumulative or duplicative. And McCord only raises this argument in the context of citing authority for why other courts have disallowed Rule 30(b)(6) deposition testimony into contention topics. The Court therefore does not find Plaintiff's Rule 30(b)(6) deposition topics unreasonably cumulative or duplicative.

## III.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel 30(b)(6) Deposition

---

[14]     *See also Assessment Techs. Inst., LLC v. Parkes*, No. 19-2514-JAR-KGG, 2021 WL 2072452, at *3 (D. Kan. May 24, 2021) ("that some of the information sought in the Rule 30(b)(6) notice was also sought . . . in earlier discovery does not automatically justify a protective order."); *Cotton v. Costco Wholesale Corp.*, No. 12-2731-JWL, 2013 WL 3819975, at *4 (D. Kan. July 24, 2013) ("[T]he fact that deposition topics overlap with written discovery does not automatically render any duplication unreasonable . . . [and] the overlap of a deposition topic with written discovery does not necessarily mean that the entire topic would even be duplicative.").

Testimony (ECF No. 104) is **GRANTED IN PART AND DENIED IN PART**.  Defendants shall designate Rule 30(b)(6) corporate representatives to testify as to the Topics as limited above.  The parties are directed to meet and confer to schedule these Rule 30(b)(6) depositions as expeditiously as schedules allow.

**IT IS SO ORDERED.**

Dated: September 1, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge